Argued April 7, affirmed September 8, 1972

SEATTLE-FIRST NATIONAL BANK, *Respondent,*
*v.* OREGON PACIFIC INDUSTRIES, INC.,
*Appellant.*
500 P2d 1033

*Denton G. Burdick, Jr.,* Portland, argued the cause for appellant. With him on the briefs were Hutchinson, Schwab, Burdick & Hilton, Portland.

*Norman N. Griffith,* Portland, argued the cause and filed a brief for respondent.

DENECKE, J.

The plaintiff bank obtained a judgment against the defendant for the amount of an invoice assigned to the bank by Centralia Plywood. The trial court denied defendant's right to a setoff and defendant appeals.

The issue is the interpretation of the assignment section of the secured transactions chapter of the Uniform Commercial Code (ORS 79.3180).

On December 12, 1968, the defendant purchased plywood from Centralia. Centralia assigned the invoice evidencing the purchase to the bank on December 13, and the bank notified the defendant of the assignment. The defendant refused payment and the bank brought this action.

The defendant argues that it has a setoff against

the bank's claim. Prior to the bank's assignment the defendant had placed two plywood orders, not included in the assigned invoice, with Centralia. Delivery was never made by Centralia and defendant contends it can set off the damages it suffered thereby against the bank's claim.

Centralia Plywood was insolvent when it assigned the invoice to the bank on December 12 and the bank knew of the insolvency at that time. Both Centralia and the bank are nonresidents. The defendant contends that because of these circumstances it is entitled to the setoff and cites our opinion in *Pearson v. Richards*, 106 Or 78, 92, 211 P 167 (1922), in support.

Assuming defendant's contention is correct in cases not involving the Code, we hold the principle contended for by defendant is not applicable when the Code applies. ORS 79.3180 (1) provides:

"* * * [T]he rights of an assignee are subject to:

"(a) All the terms of the contract between the account debtor and assignor and any defense or claim arising therefrom; and

"(b) Any other defense or claim of the account debtor against the assignor which accrues before the account debtor receives notification of the assignment."

The Code does not expressly provide that a claim can be set off if the assignor was insolvent at the time of the assignment and the assignee had knowledge of this fact or because the assignor and assignee are nonresidents.

■ One of the prime purposes of the Code was to create a statutory scheme incorporating within its provisions the complete regulation of certain types of

commercial dealings. This purpose would be blunted if the rules created by some precode decisions and not expressly provided for in the statutory scheme were nevertheless grafted onto the Code by implication. In *Evans Products v. Jorgensen,* 245 Or 362, 372, 421 P2d 978 (1966), we held generally that we would not engage in this practice.

We recently observed in *Investment Service Co. v. North Pacific Lbr. Co.,* 261 Or 43, 492 P2d 470-471 (1972), that the comment to this section of the Code states that this section "makes no substantial change in prior law."[1] Upon further examination, we must acknowledge that while the Code retains the essence of the previous law of assignments, the Code has, by specific language, changed some of the details of the previous law of assignments.

The Code distinguishes "between what might be called the contract-related and the unrelated defenses and claims. Defenses and claims 'arising' from the contract can be asserted against the assignee whether they 'arise' before or after notification. * * *. Under the Code, 'any other defense or claim' is available against the assignee only if it 'accrues before * * * notification.'" 2 Gilmore, Security Interests in Personal Property, 1090-1091, § 41.4 (1965).

The setoff or claim the defendant seeks to assert is an unrelated setoff because it arises out of a breach of a contract not connected with the invoice assigned to the bank. For this reason the defendant can assert the setoff only if it accrued before the de-

---

[1] Investment Service Co. v. North Pacific Lbr. Co., 261 Or 43, 492 P2d 470-471 (1972), involved ORS 79.3180 (1)(a), a setoff arising out of the contract between the account debtor and the assignor.

fendant was notified of Centralia's assignment to the bank.

The controversy thus narrows down to the issue of whether the setoff "accrued" to the defendant before it received notice of the assignment. We could be aided in defining "accrued" if we could determine why the accrual of the setoff was selected as the cutoff event. Accruing of the setoff, however, apparently, was selected arbitrarily. The choice of the event of the accrual was based upon previous decisions, some of which used the phrase "matured" rather than "accrued" claim. 4 Corbin, Contracts, 599, § 897 (1951). 1 Restatement 211, Contracts § 167 (1), provided that the obligor could assert its setoff if the setoff was "based on facts arising * * * prior to knowledge of the assignment by the obligor."

It was necessary to permit at least some setoffs to be asserted in order to protect the obligor from being unduly prejudiced by the assignment; but this right of setoff had to be limited in order to give some value and stability to the assignment so that it could be used as an effective security device. If an obligor could not assert any of the defenses or setoffs against an assignee which he could have asserted against his creditor, the assignor, the obligor would be extremely prejudiced by an assignment. On the other hand, if the obligation assigned could be obliterated or diminished by events happening after the assignment and notice of assignment to the obligor, the assignment would be precarious collateral.

The comments to the Oregon Code are of no assistance in interpreting "accrue." The comments to the Washington Code state: "The term 'accrues' appears to mean that the 'claim' shall exist as such, i.e.,

as a cause of action, before such knowledge." RCWA 62A.9-318, p 439.

■ "Accrue," aside from its fiscal use, generally is used in the law to describe when a cause of action comes into being. Its chief use is to determine when the statute of limitations commences. We believe it is advisable to use "accrue" in the Code in its usual sense; that is, a claim or setoff accrues when a cause of action exists.

■ The parties stipulated that the "breaches of contract [the failure to deliver by Centralia] occurred on or about January 3, 1969." Therefore, the claim "accrued" at that time. Since the claim accrued after defendant had notification of the assignment, the setoff cannot be asserted successfully.

Defendant on appeal contends that by stipulating that the breaches of contract occurred on January 3 it did not intend to stipulate that the cause of action accrued at that time. The normal inference is that the cause of action accrues at the time the breach of contract occurs. In addition, the record indicates that the trial court and the parties so understood the import of the stipulation.

Affirmed.