Argued and submitted November 2, 1984, reversed on appeal, affirmed on cross-appeal
May 1, reconsideration denied July 5, petition for review denied August 8, 1984
(299 Or 583)

HEATH,
*Appellant - Cross-Respondent,*

*v.*

KNUTSON et al,
*Respondents - Cross-Appellants.*

(82-1370; CA A30245)

698 P2d 1015

Nathan J. Heath, Seattle, Washington, argued the cause and filed the briefs for appellant - cross-respondent Nathan J. Heath, pro se.

Cameron C. Thom, Coos Bay, argued the cause for respondents - cross-appellants. With him on the brief were George T. Gant and Thom, Gant & Whitty, Coos Bay.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiff appeals a judgment that allowed defendants a setoff against plaintiff's damages under his four claims. Plaintiff asserts that the court erred in allowing the setoff. Defendants cross-appeal and assert that plaintiff did not prove three of his four claims. On the appeal, we reverse; on the cross-appeal, we affirm.

The parties do not dispute the facts. In August, 1979, Hillstrom Shipbuilding Company was adjudicated a bankrupt. Thereafter plaintiff purchased by assignment from the bankruptcy trustee four claims of the bankrupt against defendants, totalling in excess of $34,000. Three of those claims were for repairs that the bankrupt had made on tugboats. The fourth claim was on an open account. Defendants received notice of the trustee's assignment of accounts in July, 1982, when plaintiff served them in this action. Thereafter, defendants took an assignment of a claim for $50,907.22 against the bankrupt from a joint venture in which it was a partner. That claim was for the unpaid balance of the purchase price of a crane that the joint venture had sold to the bankrupt before it took bankruptcy and was unrelated to the accounts that plaintiff had purchased from the trustee.

In their answer and counterclaim to plaintiff's amended complaint, defendants asked to set off their claim against what the court might find that defendants owed plaintiff. The court tried the action without a jury. At the close of plaintiff's evidence, defendant moved for a "Judgment of Involuntary Nonsuit," asserting a failure of proof. The court denied the motion, but after trial it entered judgment in favor of defendants and against plaintiff and made the following findings of fact:

"1.  The unpaid balance on the tug Scott of $33,423.75 (after giving credit for the propeller and freight on propeller of $2,693.31) plus interest at 1-1/2% from August 14, 1979.

"2.  The tug Louie unpaid balance is $488.01 plus interest at 1-1/2% from July 27, 1979.

"3.  The tug William Vaughn unpaid balance is $353.10 plus interest at 1-1/2% from July 27, 1979.

"4.  The open account balance is $442.63 plus interest at 1-1/2% from August 11, 1979.

"5. I further find that the Defendants are entitled to assert their setoff in the amount of $50,907.22 plus interest at 9-1/2% per annum from April 12, 1979. The recovery on such setoff, however, being limited to the amounts found due and owing to the Plaintiff.

"6. I find that the amount of setoff due to Defendants exceeds the total of the balances plus interest due to the Plaintiff and that therefore the Defendants are entitled to Judgment in this cause together with their costs and disbursements incurred herein."

Plaintiff asserts that *former* Bankruptcy Act § 68 (*former* 11 USC § 68) bars a setoff of defendants' claim against the trustee and, therefore, against him.[1] He asserts that he acquired the trustee's rights when he purchased the accounts. Although defendants acknowledge that the Bankruptcy Act prohibited a setoff against the trustee, they argue that plaintiff purchased only the bankrupt's rights in the accounts and that he does not have the protection that the act gave to a trustee. We agree that the trustee sold to plaintiff only the bankrupt's rights in the accounts. *See generally* Moore, *Collier on Bankruptcy* § 70.98 at 1180-81, 1195-1202 (1978).

The court, however, erred when it allowed defendants to set off their claim of $50,907.22.[2] Although the court made no findings of fact on this point, the evidence is undisputed that defendants received notice of the trustee's assignment of accounts to plaintiff *before* they acquired the claim on which they rely. Accordingly, they may not set off that claim against plaintiff's claims. *See* ORS 79.3180(1)(b), which provides that the rights of an assignee are subject to:

"Any other defense or claim of the account debtor against the assignor which accrues before the account debtor receives notification of the assignment."[3]

---

[1] The Bankruptcy Act has since been replaced by the Bankruptcy Code, effective October 1, 1979. The code does not apply to bankruptcy proceedings commenced before that date. Pub. L. No. 95-598, §§ 402 and 403, 92 Stat 2682-83 (codified as 11 USC § 101 *et seq.*) The amendment made no changes material to this case. *See* 11 USC § 553.

[2] When plaintiff bought the bankrupt's accounts from the trustee, he did not assume any personal obligation for the bankrupt's debts. The trial court correctly considered defendants' "counterclaim" to assert a setoff.

[3] Article 9 of the Uniform Commercial Code covers "any sale of accounts," whether absolute or for security. ORS 79.1020(1)(b); *see Uniform Commercial Code* § 9-102, *comment* 2.

*See also* ORS 80.020;[4] *Seattle-First Nat'l Bk. v. Ore. Pac. Ind.,* 262 Or 578, 500 P2d 1033 (1972); Restatement (Second) Contracts § 336; 4 Corbin, *Contracts* § 897 at 600-601 (1951).

We find no merit in defendants' cross-appeal. There is substantial evidence to support plaintiff's claims in the amounts set forth in the findings.

Reversed and remanded on appeal with instructions to enter judgment for plaintiff consistent with this opinion; affirmed on cross-appeal.

---

[4] ORS 80.020 provides:

"In the case of an assignment of a thing in action, an action or suit by the assignee is without prejudice to any setoff or other defense existing at the time of, or before notice of the assignment; but this section does not apply to a negotiable instrument transferred in good faith and upon good consideration before due."