**BREAKERS POINT HOMEOWNERS ASSOCIATION, an Unincorporated Association, Plaintiff,**

v.

**RESOLUTION TRUST CORPORATION, Receiver for the Benj. Franklin Federal Savings and Loan Association, Defendant.**

**CV No. 92–184–PA.**

United States District Court, D. Oregon.

Dec. 14, 1992.

Paul R. Romain, Bogle & Gates, Portland, OR, for plaintiff.

John P. Davenport, Sussman & Shank, Portland, OR, for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

PANNER, District Judge.

Plaintiff Breakers Point Homeowners Association brings this action against defendant Resolution Trust Corporation, the receiver of The Benj. Franklin Federal Savings and Loan Association (Benj. Franklin), pursuant to 12 U.S.C. § 1821(d)(6). Plaintiff holds a claim against Benj. Franklin which defendant has classified as a Priority 7 under 12 C.F.R. § 360.2(a). Plaintiff contends that its claim should be classified as a Priority 6.

These are my findings of fact and conclusions of law after the court trial. Fed. R.Civ.P. 52(a). I conclude that plaintiff's claim should be classified as a Priority 6 under the regulations.

### FINDINGS OF FACT

The case was submitted to the court on the following stipulated facts.

On November 24, 1987, plaintiff and Benj. Franklin entered into a Settlement Agreement and Mutual Release (the Agreement) for the purpose of settling a pending lawsuit between them. Pursuant to the Agreement, Benj. Franklin agreed to pay plaintiff a lump sum of $210,000 and six annual installments of $30,000. Plaintiff has received the lump sum payment of $210,000 and installment payments for the years 1988, 1989, and 1990.

On September 7, 1990, defendant was appointed receiver for Benj. Franklin by the Director, Office of Thrift Supervision. At that time, plaintiff had yet to receive three installment payments under the Agreement. Benj. Franklin had not breached its obligations under the Agreement as of the date the receivership commenced.

Plaintiff filed a proof of claim with defendant on or about February 27, 1991. On October 29, 1991, defendant issued a Receiver's Certificate of Proof of Claim to plaintiff. On December 20, 1991, defendant issued a Receiver's Determination which classified plaintiff's claim as a Priority 7 under 12 C.F.R. § 360.2(a)(7).

## CONCLUSIONS OF LAW

Pursuant to 12 U.S.C. § 1821(d)(5), defendant's responsibilities as the receiver of a failed thrift include the prioritization of claims asserted against the thrift. The level of priority assigned to a claim is determined in accordance with applicable administrative regulations. Priority 6 claims include "[c]laims for withdrawable accounts ... and all other claims which have accrued and become unconditionally fixed on or before the date of default, whether liquidated or unliquidated...." 12 C.F.R. § 60.2(a)(6).[1] Priority 7 claims, in contrast, are

> [c]laims other than those that have accrued and become unconditionally fixed on or before the date of default ... Provided that any claim based on an agreement for accelerated, stipulated, or liquidated damages, which claim did not accrue prior to the date of default, shall be considered as not having accrued and become unconditionally fixed on or before the date of default.

12 C.F.R. § 360.2(a)(7).

The parties agree that, with the execution of the Agreement, plaintiff acquired a contractual right to receive a set number of installment payments from Benj. Franklin, and Benj. Franklin incurred a corresponding contractual liability. Therefore, I need not examine whether plaintiff possessed a claim against Benj. Franklin. The issue is whether plaintiff's claim had "accrued and become unconditionally fixed on or before the date of default." 12 C.F.R. § 360.2(a)(6). If so, it qualifies for treatment as a Priority 6 claim. If not, it must be classified as a Priority 7 claim.

Defendant argues that plaintiff's claim must be classified as a Priority 7 because plaintiff had not accrued a cause of action for any future installment on the date the receivership commenced. In support, defendant relies on *Seattle–First National Bank v. Oregon Pacific Industries, Inc.*, 262 Or. 578, 583, 500 P.2d 1033 (1972), in which the Oregon Supreme Court held that the term "accrued," as used in the UCC, "describe[s] when a

cause of action comes into being." Defendant also argues that plaintiff's entitlement to the remaining installment payments was not "unconditionally fixed" because it was subject to certain conditions, including the passage of time and plaintiff's obligation to provide an annual accounting of funds received.

Plaintiff contends that it acquired an enforceable right to payment from Benj. Franklin on November 24, 1987, the effective date of the Agreement, and therefore its claim accrued and became unconditionally fixed before the date of default. That the Agreement provided for installment payments should not, in plaintiff's view, have any bearing on the date on which its claim accrued. Plaintiff also disputes defendant's argument that payment of future installments under the Agreement was subject to conditions.

■ The parties have not cited, nor have I found, any case in which 12 C.F.R. 360.2(a) has been applied to the type of situation at issue in this case. In the absence of legal authority, the test I apply to the parties' interpretations of the regulation is one of reasonableness. Further, although an agency's interpretation of its regulations is generally entitled to deference, I am free to disregard defendant's interpretation if I find it to be unreasonable. *Washington Dep't of Ecology v. United States Environmental Protection Agency*, 752 F.2d 1465, 1469 (9th Cir.1985).

■ Based on my reading of the regulatory language, I reject the interpretation of 12 C.F.R. § 360.2(a) proffered by defendant. For the following reasons, plaintiff's reading of the regulation is more reasonable and better accords with its plain language.

First, I observe that defendant has presented no compelling reason why the term "accrued," as used in 12 C.F.R. § 360.2(a), should be read to limit the types of claims eligible for Priority 6 treatment to those claims for which a cause of action has arisen.

---

**1.** Pursuant to 12 U.S.C. § 1813(x)(1), default occurs on the date a failed thrift is placed in receivership.

Nothing in the text of 12 C.F.R. § 360.2(a)(6) indicates that the reference to "claims which have accrued" was intended to denote the existence of a cause of action against a thrift. Similarly, defendant cites no authority to support its argument that the UCC definition of "accrued" should apply in this case. In the absence of compelling legal or policy considerations, I hesitate to alter the meaning of the regulation by making assumptions about key terms or by inserting additional terms.

Secondly, I am satisfied that defendant's construction of 12 C.F.R. § 360.2(a)(6) ignores a portion of the regulatory language. The regulation makes clear that the Priority 6 classification applies only to claims that have accrued *and* become unconditionally fixed in a timely manner. According to defendant, a claim is "unconditionally fixed" when it is non-contingent. I believe it unlikely that a contingent legal right, the existence of which is dependent on conditions which may or may not occur, could support a cause of action. Therefore, if an accrued claim is synonymous with a legal cause of action, as defendant contends, then the additional requirement that a Priority 6 claim be unconditionally fixed would be rendered meaningless. I decline to construe 12 C.F.R. § 360.2(a) in a way which nullifies a portion of the regulatory language. *Beisler v. C.I.R.*, 814 F.2d 1304, 1307 (9th Cir.1987).

Thirdly, I note that defendant's reading of the regulation would produce different priority classifications for similar claims. Defendant concedes that a breach of contract claim against a failed thrift would receive Priority 6 treatment if the claim arose before the appointment of a receiver. Therefore, if Benj. Franklin had committed a breach of the Agreement before defendant's appointment as receiver (e.g., by announcing its intention to withhold future installment payments), the resulting cause of action would, under defendant's reasoning, require that plaintiff's claim be classified as a Priority 6. Yet even in that instance, plaintiff's underlying claim against Benj. Franklin would be no different from the claim it holds now; namely, a claim based on a contractual right to three installment payments of a set amount.

Therefore, defendant's reading of 12 C.F.R. § 360.2(a) would require disparate treatment of identical claims based solely on events unrelated to their legal origin. Defendant has offered no justification for such a result.

Finally, I reject defendant's argument that plaintiff's claim is not unconditionally fixed because plaintiff's right to payment is conditioned on the passage of time and the preparation of an accounting. If the mere passage of time could be regarded as a contingent event, as defendant proposes, an unconditional right to future performance under a contract could never be recognized. The argument therefore leads to an unacceptable result. As for plaintiff's obligation to provide defendant with an annual accounting, the Agreement requires that plaintiff's accounting for a given year be submitted after the payment of the installment for that year. Because plaintiff has no obligation to prepare an accounting until after funds are received, and because there is no allegation that plaintiff has failed to provide an accounting in the past, I decline to hold that plaintiff's right to future installments is conditioned on its submission of an accounting.

In contrast to the construction of 12 C.F.R. § 360.2(a) urged by defendant, plaintiff's position that its claim qualifies as a Priority 6 is entirely consistent with the language of the regulation. Plaintiff holds a claim against Benj. Franklin under the Agreement which predates the receivership and is unconditionally fixed. Based on my understanding of 12 C.F.R. § 360.2(a)(6), nothing more is required for Priority 6 treatment.

## CONCLUSION

Plaintiff's claim should be classified as a Priority 6 under 12 C.F.R. § 360.2(a)(6).