BERDEX INTERNATIONAL, INC., Plaintiff and Counterdefendant-Appellee, v. MILFICO PREPARED FOODS, INC., Defendant and Counterplaintiff-Appellant.

First District (4th Division)   Nos. 1—92—0655, 1—92—0700 cons.

Opinion filed February 10, 1994.

Kaufman & Litwin, of Chicago (Paul L. Feinstein and Stuart N. Litwin, of counsel), for appellant.

James J. Greenberger, of Greenberger, Krauss & Tenenbaum, Chartered, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Defendant, Milfico Prepared Foods, Inc. (hereinafter Milfico), appeals from the trial court's grant of summary judgment in favor of plaintiff, Berdex International, Inc. (hereinafter Berdex), in a breach of contract action.

On appeal, Milfico contends (1) the trial court's order failed to comply with Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) and is consequently neither enforceable nor appealable; (2) the trial court abused its discretion in granting Berdex's summary judgment motion; (3) the trial court improperly made Rule 304 findings on the summary judgment grant while a related counterclaim was pending between the parties; and (4) the trial court erroneously awarded Berdex attorney fees without conducting an evidentiary hearing.

We affirm in part, vacate in part, and remand.

In April 1991, Milfico and Berdex entered into a contract for the purchase of frozen scallops. Berdex disclosed to Milfico that the scallops were a "secondary product" which did not conform to standard quality. On April 23, 1991, Berdex delivered the scallops and Milfico approved them and accepted delivery.

During the next two months, Milfico placed three orders with Berdex for the purchase of frozen frog legs. Berdex filled the orders and delivered the frog legs to Milfico on July 1, 1991. At the end of the month, when the invoices for the frog legs became due, Milfico informed Berdex that it did not intend to pay for the frog legs because Berdex had sold it "rotten and rancid" scallops the previous April.

Consequently, on August 22, 1991, Berdex filed a complaint against Milfico seeking to recover the purchase price of the frog legs, $35,802, and reasonable attorney fees. On October 10, 1991, Milfico responded with a counterclaim against Berdex for an unspecified amount of damages alleging that Berdex delivered scallops which did not meet contractual specifications.

On October 30, 1991, Berdex filed a motion for summary judgment which was later granted by the trial court. On December 17, 1991, the trial court awarded Berdex $35,801 plus $3,500 in attorney fees. Berdex was also granted prejudgment interest on $35,802 at the rate of 1.5% per month from July 1, 1991, to December 17, 1991.

On December 27, 1991, Berdex filed a motion for Rule 304(a) findings, requesting that the trial court make its grant of summary judgment final and appealable. Berdex also filed a motion to modify the judgment, asking for an additional $4,000 in attorney fees. On February 6, 1992, the trial court amended its order of December 17, 1991, entered the Rule 304(a) findings, and denied Berdex's motion for additional fees. Milfico appeals.

■ Initially, on appeal, Milfico asserts that the trial court's order granting Rule 304(a) findings did not comply with the rule and the order is neither enforceable nor appealable.

Rule 304(a) provides:

"[A]n appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal." 134 Ill. 2d R. 304(a).

The trial court's order of February 6, 1992, granting Berdex's motion for Rule 304(a) findings stated that its judgment in favor of Berdex was "final and immediately enforceable," and included no language as to appealability. Milfico submits that the trial court's failure to make a two-pronged, written finding regarding enforceability and appealability in accordance with the rule gives us no jurisdiction over this case.

However, Supreme Court Rule 329, pertaining to the amendment of the record on appeal, permits the correction of "[m]aterial omissions or inaccuracies *** by the trial court, either before or after the record is transmitted to the reviewing court, or by the reviewing court or a judge thereof." 134 Ill. 2d R. 329.

On July 9, 1992, in accordance with this rule and pursuant to Berdex's motion, the trial court issued an order correcting the "material omissions and inaccuracies" in its previous order of February 6, 1992. The order stated in pertinent part: "[T]here is no just reason for delaying enforcement or appeal of the judgment order entered on December 17, 1991, as amended." We believe the trial court's subsequent curing of its prior omissions renders any discrepancy with respect to this issue resolved.

■ Next, Milfico argues that the trial court abused its discretion in granting Berdex's motion for summary judgment while material issues of fact existed. We cannot agree.

The facts are clear. In April 1991, Milfico entered into a contract with Berdex to purchase scallops. In conformity with the contractual provisions, Berdex delivered them, Milfico accepted delivery and paid the purchase price.

In May and June 1991, Milfico entered into three contracts with Berdex for the purchase of frog legs. In the beginning of July, Berdex delivered the frog legs to Milfico. On July 31, 1991, when the invoices for the frog legs became payable, Milfico refused to tender the amount owed alleging that Berdex sold it "rotten and rancid" scallops the previous April. Although Milfico does not dispute its liability under the frog legs contracts, it attempts to set off the damages Berdex allegedly owes it under the scallops contract from the amount due under the frog legs contracts.

Section 2—717 of the Uniform Commercial Code—Sales allows a buyer of goods to "deduct all or any part of the damages resulting from any breach of the contract from any part of the price still due under the same contract." (Ill. Rev. Stat. 1991, ch. 26, par. 2—717.) In its attempt to fit the circumstances of this case within the ambit of section 2—717, Milfico maintains that the scallops contract and the frog legs contract were "ongoing related purchases and sales" and should be construed as a single contract. The record simply does not support this position as there is no such corroborating evidence to be gleaned through either the contracts or the intent of the parties.

This court has interpreted section 2—717 finding that, although a buyer is entitled to file a counterclaim in the nature of a setoff under the Uniform Commercial Code (see Ill. Rev. Stat. 1991, ch. 110, par. 2—608(a)), a buyer may not seek damages for a cause of action arising out of a separate contract. In *Rebaque v. Forsythe Racing, Inc.* (1985), 134 Ill. App. 3d 778, the plaintiff filed suit against defendant to recover the amount due under a contract for the sale of an automobile. Defendant filed a counterclaim against plaintiff in an attempt to set off the amount plaintiff allegedly owed it under a separate contract. The trial court entered summary judgment for plaintiff for the unpaid balance. On review, this court affirmed the judgment of the trial court, holding that "in an action under the Uniform Commercial Code for goods sold and delivered, [and] a set-off is sought, the counterclaim *** is limited to damages arising out of the same contract as the claim for the goods." *Rebaque*, 134 Ill. App. 3d at 783.

Accordingly, Milfico's counterclaim against Berdex for damages arising out of the scallops contract properly flows from that contract, not from the frog legs contract.

■ Next, Milfico posits that the trial court erroneously granted Rule 304(a) findings on Berdex's summary judgment motion because a related counterclaim was pending between the parties and the order was not final.

Supreme Court Rule 192 (134 Ill. 2d R. 192), concerning the entry of a summary judgment which does not dispose of all the issues in the case, however, expressly effectuates the trial court's ruling. Under these circumstances, it allows the trial court, within its discretion and as justice dictates, "[to] allow the [summary judgment] motion and enter judgment thereon." Therefore, the trial court did not err in entering Rule 304(a) findings in the face of Milfico's pending counterclaim.

■ Finally, Milfico argues that the trial court improperly awarded Berdex attorney fees.

The terms of the contracts between the parties entitle them, in the event of a breach, "to recover a reasonable attorney fee, including attorney fees upon appeal in addition to the usual costs and disbursements." An affidavit submitted by Berdex's attorney, James J. Greenberger, contained a general prayer for attorney fees stating: "[M]y firm's charges to plaintiff-counterdefendant with respect to this litigation shall not be less than $3,500."

Citing *Kaiser v. MPEC American Properties, Inc.* (1987), 164 Ill. App. 3d 978, Milfico contends that the trial court's grant of fees both absent a hearing on their reasonableness and predicated solely on the general affidavit from Berdex's counsel was insufficient to sustain an award of fees. We agree.

*Kaiser* explains that, although the determination of the reasonableness of attorney fees is within the province of the trial court, the party seeking the fees "always bears the burden of presenting sufficient evidence from which the trial court can render a decision as to their reasonableness." *Kaiser*, 164 Ill. App. 3d at 983.

As it is inappropriate for the trial court to base an award of attorney fees on speculation and conjecture, it is incumbent upon the party seeking the fees to "specify the services performed, by whom they were performed, the time expended thereon and the hourly rate charged therefor." *Kaiser*, 164 Ill. App. 3d at 984.

In addition to detailed records and computations upon which the charges are based, the trial court may also consider the skill and reputation of the attorneys, the nature of the case, the difficulty of the issues presented, the degree of responsibility required, the benefit to the client and the usual charges for comparable services. *Kaiser*, 164 Ill. App. 3d at 984.

Mindful of these principles, we conclude Milfico's contention—that Berdex was improperly awarded attorney fees based completely on an affidavit of such a general nature—is correct and that the trial court's action was erroneous. Accordingly, we vacate the $3,500 award and remand this matter for a proper hearing on the fees.

For the aforementioned reasons, we affirm that part of the summary judgment order granting Berdex $35,802 plus prejudgment interest at the rate of 1.5% from July 1, 1991, to December 17, 1991; we vacate that part of the summary judgment order awarding attorney fees in the amount of $3,500 and remand the cause for a proper hearing on the fees.

Affirmed in part; vacated in part and remanded with directions.

CAHILL, P.J., and HOFFMAN, J., concur.