*In re* APPLICATION FOR TAX DEED (Stephen Bailey *et al.*, Petitioners-Appellees, v. Mid America Bank and Trust, as Trustee, *et al.*, Respondents-Appellants (Home Federal Savings and Loan Association *et al.*, Respondents)).

Fifth District    No. 5—94—0062

Opinion filed January 26, 1995.

Robert P. Schulhof, of Carbondale, for appellants.

Sara L. Fike, of Ronald E. Osman & Associates, Ltd., of Dongola, for appellees.

JUSTICE HOPKINS delivered the opinion of the court:

Respondent, Richard Hall (Hall), appeals from an order in favor of petitioners, Stephen and Bonnie Bailey (Bailey), alleging that the tax-fraud statute prohibits the purchase of a tax-sale certificate by petitioners due to an interest in the property sold at tax sale to Pier Company. Respondent also claims that attorney fees and costs should not be allowed to petitioners. The circuit court found that the petitioners had standing for the purchase and were entitled to reasonable attorney fees and costs. We affirm.

## FACTS

On January 1, 1990, Hall was the 100% owner of a parcel of land. Title was held in a land trust by Mid America Bank and Trust

as trustee. That property was later subdivided into four lots called the "Grass Roots Subdivision." On April 3, 1990, Hall sold lot 4 of the Grass Roots Subdivision to Bailey. Hall received property tax bills due in 1990 and payable in 1991 on all four lots. The tax roll did not reflect the subdivision or the sale of lot 4 until January 1, 1991. Thus, Bailey was not shown as holding any interest in lot 4 until that date.

At the time of the April 3, 1990, sale, both Hall and Bailey agreed that lot 4 constituted 38% of the total tax bill. Prorated credit of $423.94 was given to Bailey at the time of closing for the previous tax period of 1990. Hall was to pay the 1990 taxes due and payable in 1991, and Bailey was to reimburse Hall for 38% of the entire 1990 tax bill.

Hall received the tax bill but failed to pay the taxes. At a delinquent-tax sale on October 28, 1991, the Grass Roots Subdivision was sold, and a tax-sale certificate was issued to Pier Company. The record shows that neither Hall nor Bailey realized that lot 4 had been included in the tax bill with the other three lots until either the sale itself or the publication listing delinquent-tax-sale property.

Bailey, on numerous occasions, had asked Hall to redeem on the property, and although he did not come with cash in hand, he offered to reimburse by check the amount of $1,905.27. Hall testified that he had not paid the taxes or redeemed the property from the burden of the tax sale due to the lack of funds. On April 22, 1993, 18 months after the tax sale, fearing his loss of lot 4, Bailey purchased the tax-sale certificate from Pier Company. Subsequently, Bailey notified Hall that he had purchased the tax-sale certificate and would file a petition for a tax deed on lots 1, 2, and 3 if not redeemed by July 26, 1993. Hall did not redeem, and Bailey filed a petition for tax deed on July 27, 1993. Hall later filed an objection to the petition for tax deed, and to show good faith, according to his testimony, he deposited $5,731.31 with the circuit clerk. The court granted a request to extend the date of redemption from October 28, 1993, to November 10, 1993. On October 29, 1993, Hall redeemed the property.

At the tax-deed-petition hearing on November 3, 1993, the trial court, after hearing all the evidence, ruled in favor of petitioners and specifically found:

"B. That Petitioners are holders of the tax sale certificate of purchase for the sale of lots 1, 2, 3, and 4 in Grass Roots Subdivision pursuant to the Order filed October 10, 1991;

C. That Petitioners do not have an 'ownership interest' in the property for purposes of [section 235d of the Revenue Act of 1939 (35 ILCS 205/235d (West 1992))];

D. That pursuant to [section 27a of the Revenue Act of 1939 (35 ILCS 205/27a (West 1992))], Respondents as legal title holder[s] and/or the owner[s] of 100% of the beneficial interest in the property on January 1, 1990, are responsible for the 1990 taxes on Lots 1-4;

E. That notwithstanding the provisions of [section] 27a, Petitioners and Respondents have agreed that the Petitioners are responsible for the sum of $1,905.27 as and for Petitioners' share of the 1990 real estate taxes for Lot 4, which they purchased from Respondents in April of 1991;

F. That Petitioners have given all required notices and fulfilled all requirements for a tax deed to be issued to them for Lots 1, 2 and 3 unless redemption of Lots 1, 2, 3 and 4 is timely made;

G. That redemption has been timely made by Respondents;

H. That Respondent's objection has not been sustained and should be stricken pursuant to the provisions of [section 253 of the Revenue Act of 1939 (35 ILCS 205/253 (West 1992))];

I. That Respondents as the redeeming part[ies] should pay Petitioners reasonable expenses actually incurred, including cost of withheld redemption money and a reasonable attorney's fee pursuant to the provisions of [section] 253 in the sum of $5,815.25;

J. That the amount Respondents should pay Petitioners should be offset by the sum of $1,905.27;

THEREFORE, IT IS ORDERED AS FOLLOWS;

1. That Respondents' objection is stricken;

2. That judgment is awarded Petitioners against Respondents in the sum of $3,909.98."

Respondent now appeals.

The entire crux of the case *sub judice* stems from the question of ownership of lot 4 of Grass Roots Subdivision. Hall contends that the important time of ownership is at the purchase of the tax-sale certificate by Bailey. Bailey maintains that the significant time of ownership is January 1 in the year when delinquent taxes were the impetus for the tax sale. The statute delineates "ownership interest" and "nonownership interest." Nonownership interest is defined as:

> "any interest in real property other than a contingent interest and other than an ownership interest as defined in this Section, including without limitation a mortgage, equitable mortgage or other interest in the nature of a mortgage, leasehold, easement, or lien." (35 ILCS 205/235d(a)(2) (West 1992).)

Petitioner's interest, if any, is not a nonownership interest, but an ownership interest. Ownership interest is defined as:

> "any title or other interest in real property, including without limitation any beneficial interest in a land trust, the holder of

which is considered to be the owner of such real property for purposes of taxation under Section 27a of this Act." (35 ILCS 205/235d(a)(1) (West 1992).)

There should be no argument that the party who owned the property as of January 1 of any given year is the owner for purposes of taxation. As stated in section 27a of the Revenue Act of 1939 (Act) (35 ILCS 205/27a (West 1992)), "[t]he owner of real property on January 1 in any year shall be liable for the taxes of that year." Therefore, Hall, for the purpose of taxation, was the owner of the Grass Roots Subdivision, in its entirety, on January 1, 1990.

Hall relies on section 235d(4)(b)(2) of the Act when alleging the existence of fraud by petitioners:

"A person commits the offense of tax sale fraud who knowingly:
***

(2) acquires, or attempts to acquire, ownership of any certificate of purchase for real property sold under Section 235a of this Act, where the person in whose behalf such certificate of purchase is or would be acquired has an ownership interest or nonownership interest in such real property ***." (35 ILCS 205/235d(4)(b)(2) (West 1992).)

We do not agree with respondent's position.

■ The existence of fraud must be proved. Intent is an important factor when claiming fraud and is an easy concept to grasp.

As stated in *In re Application of County Collector* (1978), 66 Ill. App. 3d 437, 383 N.E.2d 1224:

"[T]he issue [is] whether the tax deed was procured by fraud. Fraud has been defined as a wrongful intent, an act calculated to deceive. [Citations.]

The burden of proof is upon the petitioner, and the evidence must be clear and convincing and not merely suspicion." (*County Collector*, 66 Ill. App. 3d at 447, 383 N.E.2d at 1232.)

Here, the respondent's argument was that Bailey admitted through testimony that he had committed fraud under section 235d, therefore negating the ability to purchase the tax-sale certificate. The record shows that Bailey knew he had purchased the tax-deed certificate and that he had an ownership interest in lot 4, but we can find nothing in the record that would indicate that his intent was to defraud either the County of Jackson or Hall. Hall was consistently made aware of Bailey's intent and actions throughout the two-year period of possible redemption, and Hall had an abundance of opportunities to clear title to the property. In the instant case, we find neither an intent to deceive nor even a mere suspicion of intent.

The threshold question of the intent to deceive on the part of the original petitioner has not been satisfied, and neither evidence of

willfulness nor evidence of an attempt to deceive has been produced or alleged on the part of the petitioners. We do not find the application of section 235d to be appropriate in this case. Under these circumstances, the only applicable section in the Act, pertaining to ownership interest, is section 27a.

As to the question of attorney fees, the portion of the Act that applies to objections presented as a defense to a petition for tax deed contains the following language:

> "When the party redeeming appears and presents his defense, the court shall hear and determine the matter. If the defense is not sustained, the court shall order the protest stricken and direct the county clerk to distribute the redemption money upon surrender of the certificate of sale and shall order the party redeeming to pay the petitioner reasonable expenses, actually incurred, including the cost of withheld redemption money, together with a reasonable attorneys fee." (35 ILCS 205/253 (West 1992).)

This section appears to apply to the petitioner, although the respondent, even at the point of the opportunity to redeem, cannot be classified as redeeming under protest because it was the respondent who failed to apply the statute in his attempt to stop the petitioner's action. The point of allowing persons to recover attorney fees under this statute is to expedite the payment of the taxes by the appropriate person who is the designated owner on January 1 in the year the taxes were levied. The intent of the statute is to prevent the delay that respondent caused by nonpayment of the taxes due. Bailey was operating under no fraudulent intent and had filed the appropriate tax-deed petition in order to secure rights to his portion of the property in question. This filing should have prompted the respondent to pay the taxes that were due much earlier. We find that the attorney fees and costs were appropriately assessed in this cause.

■ The only case authority presented by respondent as to the reasonableness of the attorney fees was *Berdex International, Inc. v. Milfico Prepared Foods, Inc.* (1994), 258 Ill. App. 3d 738, 630 N.E.2d 998. In *Berdex*, an affidavit for attorney fees was presented to the court in such a vague and abbreviated manner as to suggest no limits as to what the final charge would be. There, the court properly denied the granting of fees. The party seeking the fees did not present sufficient evidence from which the trial court could render a decision as to the reasonableness. The determination of the reasonableness of attorney fees is within the discretion of the trial court, but "[a]s it is inappropriate for the trial court to base an award of attorney fees on speculation and conjecture, it is incumbent upon the party seeking the fees to specify the service performed, by whom they were

performed, the time expended thereon and the hourly rate charged therefor." (*Berdex*, 258 Ill. App. 3d at 742, 630 N.E.2d at 1001.) In the instant case, the record contained an affidavit from Stephen Bailey and an itemized list of the legal fees charged. Both are clear and concise and included the type of services and by whom they were performed, including the hourly rate charged. The record indicates that the attorney fees were reasonable under the circumstances. We do not find that the hourly rate or the number of hours charged was unreasonable, considering the nature of the proceedings. The award of attorney fees and costs should stand.

We cannot find that the trial court's action was against the manifest weight of the evidence, and we further do find that substantial justice was served.

Affirmed.

MAAG, P.J., and CHAPMAN, J., concur.