# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Puritan Finance Corp. v. Bechstein Construction Corp.**, 2012 IL App (1st) 112261

---

| | |
|---|---|
| Appellate Court Caption | PURITAN FINANCE CORPORATION, Plaintiff-Appellee, v. BECHSTEIN CONSTRUCTION CORPORATION, Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-11-2261 |
| Filed | June 4, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action to collect a debt assigned to plaintiff in a bankruptcy proceeding, defendant was not entitled to set off an unrelated debt the assignor of the debt at issue owed defendant, notwithstanding the fact that defendant had performed services for the assignor prior to the assignor's assignment of its accounts receivable to plaintiff, since no cause of action had accrued in favor of defendant and against the assignor, and for purposes of the language of section 9-404(a)(2) of the Uniform Commercial Code that allows a debtor to assert a setoff against an assigned debt, a claim does not accrue until a cause of action has accrued. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-M1-113989; the Hon. Pamela E. Hill Veal, Judge, presiding |
| Judgment | Affirmed. |

Counsel on
Appeal

Griffith & Jacobson, LLC, of Chicago (James E. Mahoney, of counsel),
for appellant.

Fred R. Harbecke, of Chicago, for appellee.

Panel

PRESIDING JUSTICE HOFFMAN delivered the judgment of the court,
with opinion.

Justices Hall and Karnezis concurred in the judgment and opinion.

**OPINION**

¶ 1     The defendant, Bechstein Construction Corporation, appeals the circuit court's decision granting judgment in favor of the plaintiff, Puritan Finance Corporation, on the plaintiff's action to collect on indebtedness assigned to it during bankruptcy proceedings of Granite Cartage Company (Granite). On appeal, the defendant argues that its liability on the indebtedness should have been set off by an unrelated debt Granite owed it. For the reasons that follow, we affirm the judgment of the circuit court.

¶ 2     The basic facts of this case are undisputed. In 2008, Granite filed for bankruptcy. At that time, the plaintiff held a secured lien on Granite's accounts receivable, and, the parties agree, those accounts were assigned to the plaintiff. Among Granite's accounts receivable were invoices indicating that the defendant owed Granite approximately $22,000, for several different cartage jobs. The defendant has never disputed the accuracy of that figure, but it asserted that the $22,000 debt is "subject to a setoff pursuant to a course of dealing pursuant to which [it] and Granite performed services for one another on mutual open account." Under that arrangement, Granite and the defendant would perform cartage work for one another and, in the words of an employee of the defendant, "swap checks" periodically to settle outstanding invoices. At the time Granite's accounts receivable were assigned to the plaintiff, the amount Granite owed the defendant exceeded the amount the defendant owed Granite.

¶ 3     The parties filed cross-motions for summary judgment, but the circuit court denied both motions and set the matter for trial. The parties' stipulated report of the trial proceedings indicates that an employee of the defendant testified at trial regarding the arrangement between Granite and the defendant. It also indicates that the defendant produced unpaid invoices from it to Granite. After the trial, the circuit court entered judgment in favor of the plaintiff. No explanation for the judgment appears in the record. Following the circuit court's judgment, the defendant filed this timely appeal.

¶ 4     On appeal, the defendant argues, as it did to the circuit court, that, by virtue of its unpaid invoices to Granite, it is entitled to a setoff against the debt that was assigned to the plaintiff. The parties focus their arguments primarily on the law governing setoffs against assigned

indebtedness. The interpretation of the relevant statutes and the common law presents us with a question of law to be reviewed *de novo*. See *Cunningham v. Schaeflein*, 2012 IL App (1st) 120529, ¶ 19.

¶ 5 There exist two Illinois statutes that pertain to setoffs asserted against assignees. The first appears in section 2-403(a) of the Code of Civil Procedure (Code) (735 ILCS 5/2-403(a) (West 2008)), which provides as follows:

"The assignee and owner of a non-negotiable chose in action may sue thereon in his or her own name. *** The action is subject to any defense or set-off existing before notice of the assignment." 735 ILCS 5/2-403(a) (West 2008).

¶ 6 Although this provision might be construed to allow the type of setoff the defendant now requests, Illinois case law has held that a setoff under section 2-403(a) cannot be based on a contract separate from the assigned contract. See *R.A.N. Consultants, Inc. v. Peacock*, 201 Ill. App. 3d 67, 559 N.E.2d 283 (1990). The defendant does not dispute that its requested setoff is based on a contract or other indebtedness separate from the debts assigned to the plaintiff, and it does not ask us to overturn Illinois case law interpreting section 2-403(a). Accordingly, we conclude that section 2-403(a) of the Code confers no right of setoff to the defendant.

¶ 7 The parties focus their arguments more strongly on the setoff rights described in another Illinois statute, section 9-404(a) of the Uniform Commercial Code (UCC) (810 ILCS 5/9-404(a) (West 2008)). Section 9-404(a) provides as follows:

"Unless an account debtor has made an enforceable agreement not to assert defenses or claims, *** the rights of an assignee are subject to:

(1) all terms of the agreement between the account debtor and assignor and any defense or claim in recoupment arising from the transaction that gave rise to the contract; and

(2) any other defense or claim of the account debtor against the assignor which accrues before the account debtor receives a notification of the assignment ***." 810 ILCS 5/9-404(a) (West 2008).

¶ 8 The parties call upon us to interpret whether subsection 9-404(a)(2) of the UCC allows the defendant to assert a setoff against the plaintiff-assignee based on an unrelated debt owed to the defendant by Granite, the assignor. That is, the parties ask us to determine whether the defendant's unrelated debt constitutes "any other defense or claim *** against the assignor which accrue[d]" before the defendant learned that Granite's accounts receivable had been assigned to the plaintiff. The plaintiff interprets this language to require that the defendant have accrued an actual cause of action or viable legal claim against Granite before notification of the assignment. Thus, the plaintiff asserts, the defendant is not entitled to a section 9-404(a)(2) setoff here, because the defendant had only a right to collect, not a legal cause of action. For its part, the defendant argues that Granite's unpaid debt to it amounted to a "claim" even if no cause of action had accrued on the indebtedness.

¶ 9 The parties' dispute centers on a question of statutory interpretation. The fundamental goal for a court interpreting a statute is to give effect to the legislature's intent, and the best indicator of that intent is the statute's language, given its plain and commonly understood

meaning. *In re Estate of Gagliardo*, 391 Ill. App. 3d 343, 346, 908 N.E.2d 1056 (2009). Questions of statutory interpretation present issues of law to be reviewed *de novo*. *Gagliardo*, 391 Ill. App. 3d at 346.

¶ 10    The parties direct us to no Illinois case law interpreting whether section 9-404(a)(2) allows setoffs for accumulated but unrelated debt, or whether the section applies only if a full cause of action accrued prior to notice of the assignment. The defendant relies on no Illinois case law, and the plaintiff refers us to Illinois precedent that does not discuss section 9-404(a)(2). See *R.A.N. Consultants*, 201 Ill. App. 3d 67 (discussing section 2-403(a) of the Code); *Berdex International, Inc. v. Milfico Prepared Foods, Inc.*, 258 Ill. App. 3d 738, 630 N.E.2d 998 (1994) (discussing section 2-717 of the UCC, regarding deductions of damages from sale price on contracts); *Rebaque v. Forsythe Racing, Inc.*, 134 Ill. App. 3d 778, 480 N.E.2d 1338 (1995) (discussing section 2-717 of the UCC). There is, however, persuasive non-Illinois authority addressing this issue in the context of the same UCC language.

¶ 11    According to that non-Illinois authority, "[t]he cases generally hold that a defense or claim 'accrues' when it would give rise to a cause of action." James J. White & Robert S. Summers, Uniform Commercial Code § 34-6 (2010). The rationale underlying that conclusion was expressed by the Supreme Court of Oregon in *Seattle-First National Bank v. Oregon Pacific Industries, Inc.*, 500 P.2d 1033 (Or. 1972) (*en banc*). In *Seattle-First National Bank*, the court observed that the UCC's requirement that a setoff be limited to "any other defense or claim *** against the assignor which accrue[d]" before notice was intended to strike a balance between the interests of the assignee and the obligor. *Seattle-First National Bank*, 500 P.2d at 1034. The actual "accrual" cutoff point, however, appeared to the court to have been "selected arbitrarily." *Seattle-First National Bank*, 500 P.2d at 1034. Unable to divine direction from the purpose of the statute, the court turned to the meaning of the statutory language:

"The comments to [Washington State's version of the UCC provision] state: 'The term "accrues" appears to mean that the "claim" shall exist as such, *i.e.*, as a cause of action, before [notice of the assignment].' [Citation.]

    'Accrue,' aside from its fiscal use, generally is used in the law to describe when a cause of action comes into being. Its chief use is to determine when the statute of limitations commences. We believe it is advisable to use 'accrue' in the Code in its usual sense; that is, a claim or setoff accrues when a cause of action exists." *Seattle-First National Bank*, 500 P.2d at 1035.

¶ 12    In a later case, *Bank of Kansas v. Hutchinson Health Services, Inc.*, 773 P.2d 660 (Kan. Ct. App. 1989), the Court of Appeals of Kansas relied on *Seattle-First National Bank*, but articulated its standard slightly differently and expounded on the policy reasons for its reading:

"A claim could 'accrue': (1) when the obligation to pay is incurred; or (2) when the obligation is actually due and payable. The first definition reflects a fiscal view ***. The second definition reflects the more usual sense of accrue, that is, that 'a claim or setoff accrues when a cause of action exists.' [Citation.]

    On balance, we believe that the policies of simplicity and commercial uncertainty

underlying the UCC favor the second definition. [Citation.] Under the first definition, the value of accounts assigned as security could never be accurately determined because the accounts would always be subject to an independent claim arising against the assignor after the assignment is made, but accruing beforehand. Under the second definition, the value of accounts can be determined with reasonable certainty at the time of the assignment." *Bank of Kansas*, 773 P.2d at 665.

Although the Kansas standard bears a different wording, its effect is the same as that of Oregon, because, absent some repudiation, a party's cause of action does not accrue until after payment has become due. Thus, under either holding, the "accrual" of a "claim" under section 9-404 of the UCC does not occur until a party has developed a cause of action. See also *BarclaysAmerican/Business Credit, Inc. v. E&E Enterprises, Inc.*, 697 S.W.2d 694, 700 (Tex. Ct. App. 1985) ("the key question under [section 9-404(a)(2) of the UCC] is whether the *defense or claim*, not the facts on which it is based, arose before the notification" (emphasis in original)).

¶ 13    These interpretations, which are based on policy reasons and also on the definition of the word "accrue," are also in accord with other avenues of statutory construction. For example, we note that the predominant legal definition of the noun "claim" implies a cause of action. See Black's Law Dictionary 247 (6th ed. 1990). Further, under the doctrine of *noscitur a sociis* ("a word is known by the company it keeps"), we may ascertain the meaning of questionable words or phrases in a statute by reference to the meaning of words or phrases associated with them. See *Hayes v. Mercy Hospital & Medical Center*, 136 Ill. 2d 450, 477, 557 N.E.2d 873 (1990) (Calvo, J., dissenting, joined by Ward and Clark, JJ.). The language that interests us here appears in the phrase "any other defense or claim *** which accrues" before notice of assignment. The word "defense," which appears alongside the word "claim," is understood in its legal sense to refer to an argument used to defeat a cause of action. See Black's Law Dictionary 419 (6th ed. 1990) (defining "defense" as "That which is offered and alleged by the party proceeded against in an action or suit" or "That which is put forward to diminish plaintiff's cause of action or defeat recovery.").

¶ 14    To argue for the opposite interpretation, the defendant cites to two federal district court decisions: *BarclaysAmerican/Business Credit, Inc. v Paul Safran Metal Co.*, 566 F. Supp. 254 (N.D. Ill. 1983), and *Bank of America, N.A. v. Trinity Lighting, Inc.*, No. 10 C 2250, 2011 WL 3489693 (N.D. Ill. Aug. 9, 2011). However, we find neither of these decisions to be persuasive. In the first decision, *Paul Safran Metal Co.*, the court focused on the issue of whether the defendant could assert a setoff because the setoff was based on matters outside the contract or transaction that led to the plaintiff's claim. The decision's only discussion of the "accrual" issue came in its penultimate paragraph, where it assumed that the defendant's sales to the assignor amounted to accrued claims and discussed only the timing of those sales. See *Paul Safran Metal Co.*, 566 F. Supp. at 257-58. Likewise, *Trinity Lighting* focused exclusively on whether a setoff can derive from a transaction unrelated to the assignment and did not address the "accrued claim" issue we now face. See *Trinity Lighting*, 2011 WL 3489693, at *2 (addressing the plaintiff's "premise *** that an account debtor's set-off counterclaim against an assignee must arise from the contracts underlying the assignee's claim against the account debtor"). We, therefore, take guidance from neither decision upon

which the defendant relies.

¶ 15 The defendant also argues that we must reject the above interpretation, because an interpretation that forecloses its setoff renders subsection 9-404(a)(2) of the UCC "meaningless surplusage." We disagree. Under the interpretation that section 9-404(a)(2) setoffs are limited to causes of action that accrued before notice of assignment, that section still has a well-defined purpose. Section 9-404(a)(1) allows setoffs arising out of the same transaction that gave rise to the assigned asset. See 810 ILCS 5/9-404(a)(1) (West 2008). Section 9-404(a)(2) allows setoffs based on matters extrinsic to the assigned asset, and, to protect the assignee and debtor alike, it adds the limitation that such matters may amount to setoffs only if they accrue before notice of the assignment. See James J. White & Robert S. Summers, Uniform Commercial Code § 34-6 (2010). Thus, even under the above interpretation, section 9-404(a)(2) is not superfluous. See also *Trinity Lighting*, 2011 WL 3489693, at *2 (subsection (a)(2) must apply to "any defense or claim not 'arising from the transaction that gave rise to the contract' underlying the assignee's suit ***. Otherwise, subsection (a)(2) would be superfluous ***.").

¶ 16 For the above reasons, we follow the weight of foreign authority to conclude that a claim does not accrue under section 9-404(a)(2) of the UCC until a cause of action has accrued. Here, there is no dispute that, although the defendant had performed services for Granite prior to Granite's assignment of its accounts receivable, no cause of action had accrued against Granite. Accordingly, under our interpretation of section 9-404(a)(2) of the UCC, the defendant could not rely on those services as the basis for a setoff against the plaintiff's claim.

¶ 17 For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 18 Affirmed.