DEBORAH SCHORSCH, Plaintiff-Appellee, v. FIRESIDE CHRYSLER-PLYMOUTH, MAZDA, INC., Defendant-Appellant (Chrysler Credit Corporation, Defendant).

Second District    No. 2—96—0658

Opinion filed March 13, 1997.

Robert E. Gordon, Lawrence G. Gordon, and Lisa Thaviu, all of Gordon & Gordon, Ltd., of Chicago, for appellant.

Maureen H. Flaherty, of Lehrer, Flaherty & Canavan, of Wheaton, for appellee.

JUSTICE COLWELL delivered the opinion of the court:

Defendant, Fireside Chrysler-Plymouth, Mazda, Inc. (Fireside), appeals the trial court's award of attorney fees to plaintiff, Deborah Schorsch, following a finding of liability based on Schorsch's claims for conversion, violation of the Motor Vehicle Retail Installment Sales Act (Motor Vehicle Act) (815 ILCS 375/1 *et seq.* (West 1992)), and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 *et seq.* (West 1992)). The defendant contends that the trial court erred in awarding fees because the plaintiff's attorney failed to comply with a court order to delineate the fees for the claim under the Consumer Fraud Act from fees for other portions of the case. The Consumer Fraud Act provides for the award of fees to the prevailing party. We reverse and remand with directions.

The action arose out of the plaintiff's purchase of an automobile from the defendant, which was financed by Chrysler Credit Corporation (Chrysler Credit). In November 1987, the plaintiff filed a three-count complaint against both Fireside and Chrysler Credit, alleging conversion and violation of both the Motor Vehicle Act and the Consumer Fraud Act. The complaint was later amended to include a count seeking "revocation of the retail installment contract" against Chrysler Credit.

The conversion counts against both Fireside and Chrysler Credit were tried before a jury in 1992, and a verdict was returned in favor of the plaintiff. Actual damages of $1,000 and punitive damages of $3,000 were awarded. On appeal, that award was vacated by this court based on a finding of faulty service of process which resulted in violation of the defendants' due process rights. *Schorsch v. Fireside Chrysler-Plymouth, Mazda, Inc.*, 172 Ill. App. 3d 993 (1988). During the pendency of that appeal, the plaintiff filed an amended complaint which reflected the dismissal of Chrysler Credit from the Consumer Fraud Act claim still pending in the trial court. In August 1992, a trial was held on the consumer fraud count, after which the trial court found that defendant Fireside violated the Consumer Fraud Act and awarded the plaintiff $1,000 in actual damages and $5,000 in punitive damages. The plaintiff was granted 28 days to file a petition for fees.

In the initial fee petition, the plaintiff's attorney requested more than $43,000 in fees, which he said represented a one-third reduction in his total fee for the case to reflect an approximation of the time

spent on the Chrysler Credit portion of the claim, which is not compensable under the Consumer Fraud Act. Pursuant to a motion by the defendant Fireside, the trial court ordered the attorney to differentiate the fees according to matters related to the consumer fraud count and those unrelated to that count. The plaintiff's attorney filed an affidavit which he argued complied with the order. The affidavit stated the attorney's belief that the fees were reasonable and that the attorney believed the causes of action to be so intertwined as to make specific delineation of fees impossible.

The trial court held a hearing on the fee issue. Plaintiff's counsel again testified that he believed his fee request to be reasonable based on the amount of time spent on the case, and he again stated that he believed the causes of action to be so intertwined as to make delineation of the fees for each count of the action impossible. On cross-examination, plaintiff's counsel admitted that certain items included in his fee petition pertained only to Chrysler Credit, such as a response to Chrysler's motion to dismiss. But, he insisted that he was entitled to the fees because the overall matters were "inextricably intertwined."

The trial court awarded fees based on the petition with the following adjustments: The hourly rate was adjusted to reflect the rate schedules in effect on the date each entry was made; certain entries related only to Chrysler were omitted based on admissions made during cross-examination; and fees delineated as relating to the first appeal were omitted because the plaintiff was not the prevailing party in the appeal. The trial court did not specifically omit all items that were incurred prior to the initial appeal and did not specifically omit items for which the plaintiff was not entitled to fees, such as the common-law fraud count.

On appeal, Fireside contends that the trial court erred in not dismissing the fee petition because plaintiff's counsel failed to comply with the court's order to delineate his fees as to matters specifically pertaining to the Consumer Fraud Act count and those pertaining to other issues. Alternatively, Fireside contends that the trial court erred in not requiring a specific delineation so that fees could be awarded only for those time entries directly attributable to the Consumer Fraud Act count against Fireside. The plaintiff responds that the matters were "inextricably intertwined" pursuant to this court's decision in *Ciampi v. Ogden Chrysler Plymouth, Inc.*, 262 Ill. App. 3d 94 (1994). Therefore, she contends, the trial court did not err in awarding fees for time spent on matters relating to the case as a whole.

■ We note initially that the Consumer Fraud Act provides the

following in addition to causes of action for actual and punitive damages:

"Except as provided in subsections (f), (g), and (h) of this Section, in any action brought by a person under this Section, the Court [*sic*] may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party." 815 ILCS 505/10a(c) (West Supp. 1995).

Subsections (f) and (g) provide that if either party makes a settlement offer to the other that is rejected, attorney fees will be available to the prevailing party which rejected a settlement only if the amount awarded is equal to or greater than the settlement offer. 815 ILCS 505/10a(f), (g) (West Supp. 1995). Subsection (h) provides that the plaintiff shall serve written notice of the nature of the alleged violation and a demand for relief upon the car dealer, and the dealer shall have 30 days to tender a settlement offer. 815 ILCS 505/10a(h) (West Supp. 1995). If the plaintiff rejects the settlement, he or she forfeits the right to attorney fees unless the subsequent judgment is for an amount greater than the original settlement offer. 815 ILCS 505/10a (West Supp. 1995).

These amendments were made effective January 1, 1996. See Pub. Act 89—144, § 5, eff. January 1, 1996 (amending 815 ILCS 505/10a (West 1992)). We note that, while the previous version of the statute provided for attorney fees to be awarded to the prevailing party, no restrictions such as those found in subsections (f), (g), and (h) were part of the previous statute. See 815 ILCS 505/10a(c) (West 1992).

■ We further note that our standard of review is whether the trial court abused its discretion in rendering its judgment for fees. *Chesrow v. Du Page Auto Brokers, Inc.*, 200 Ill. App. 3d 72, 76 (1990). While there is no common-law right to recover attorney fees and costs, the Consumer Fraud Act provides that the trial court may award fees to a prevailing party. 815 ILCS 505/10a(c) (West 1992).

Fireside's contention that the trial court abused its discretion in awarding fees relies primarily on two second district cases. In *Chesrow*, we said that it was incumbent on the plaintiff to submit sufficient evidence to support her petition for attorney fees. Because the plaintiff failed to differentiate which fees were incurred with regard to the Consumer Fraud Act claim and which related to nonreimbursable claims, the trial court did not abuse its discretion in rejecting the fee petition *in toto*. *Chesrow*, 200 Ill. App. 3d at 78. In *Roche v. Fireside Chrysler-Plymouth, Mazda, Inc.*, 235 Ill. App. 3d 70, 87 (1992), we reiterated this holding, finding that, because the plaintiff's attorney failed to differentiate between the statutory claim and the

common-law claims in his fee petition, the trial court abused its discretion in awarding fees. We reversed and remanded the cause for a new fee hearing. *Roche*, 235 Ill. App. 3d at 87. In *Roche*, we expressly noted that, because the plaintiff's attorney in that case was also the plaintiff's attorney in the *Chesrow* case, he was on notice of the requirement that he differentiate his fees. We note that the plaintiff's attorney in the instant case is the same attorney from *Chesrow* and *Roche*.

The plaintiff relies on this court's decision in *Ciampi v. Ogden Chrysler Plymouth, Inc.*, 262 Ill. App. 3d 94 (1994), in support of her contention that such causes of action as those underlying this case necessarily arise from the same set of facts and are thus always inextricably intertwined. However, we find that the plaintiff reads our holding in *Ciampi* too broadly. In that case, all of the counts were tried simultaneously, and the proofs offered for each count were nearly identical.

In the instant case, conversely, the Consumer Fraud Act count was tried independently of the common-law claims, and the two trials in fact took place years apart. Plaintiff's counsel was able to differentiate his time related solely to the appeal of the common-law counts, but claimed that he was nevertheless entitled to those fees since all of the counts arose out of a single transaction. The trial court correctly discounted those hours because it concluded that the plaintiff was not entitled to those fees because she had not prevailed in the appeal. We note that the plaintiff would not have been entitled to those fees even if she had prevailed on appeal, because they were related only to the common-law counts of her complaint.

Inasmuch as the plaintiff's counsel was able to differentiate partly his fees, we find no reason why he could not similarly differentiate all of the hours spent on this case with regard to the common-law counts and the Consumer Fraud Act counts, since they were tried separately. We appreciate plaintiff's counsel's contention that some of the evidence was the same, but we find that he failed to differentiate sufficiently his fees so that the defendant could reasonably defend each entry and so that the trial court could render a considered decision as to which fees were compensable and which were not. Instead, he continued to insist, as he has many times before, that he is entitled to recover all of his fees under the statute. As this court has said just as many times, the statute provides *only* that the prevailing party in a cause of action brought *under the Consumer Fraud Act* may recover fees and costs. This does not, as plaintiff's counsel contends, mean that all related causes of action are similarly compensable. *Ciampi* does not stand for the proposition that all counts in a consumer ac-

tion tried together are compensable. Our decision in *Ciampi* was based on the specific facts in that case. That decision does not alter the basic premise that only work specifically related to a cause of action brought under the Consumer Fraud Act is compensable.

As this court admonished plaintiff's counsel in *Roche*, fees for work on causes of action under the Consumer Fraud Act must be differentiated from fees for noncompensable causes of action. *Roche*, 235 Ill. App. 3d at 87. The burden of proof of entitlement to fees rests with the plaintiff, and fees can only be awarded for causes of action specifically related to the Consumer Fraud Act.

Fireside contends that under the *Chesrow* case we should reverse the fee award outright and deny fees entirely. However, the holding in *Chesrow* was based on the fact that the trial court had denied fees, and we said that the trial court did not abuse its discretion. *Chesrow*, 200 Ill. App. 3d at 78. In *Roche*, we reversed the fee award and remanded the case for a new hearing, finding that the trial court had abused its discretion in awarding fees without proper differentiation of the Consumer Fraud Act charges from the noncompensable charges. *Roche*, 235 Ill. App. 3d at 87. We find that the instant case is akin to *Roche*, because the trial court did not deny fees but awarded fees on an incorrect basis. Therefore, we must reverse and remand this cause for a new fee hearing.

■ Because we must reverse and remand this cause for a new hearing on the fee issue, we will address Fireside's contention that the trial court should have considered its evidence that it offered to settle the case for $25,000 prior to the Consumer Fraud Act trial. Fireside notes that under the amended statute the plaintiff would forfeit any fee award, since the amount recovered in the trial was less than $25,000. However, we note that this provision did not take effect until January 1, 1996, several years after the settlement offer was made and rejected, and indeed after the case itself was tried. The general rule of statutory construction is that an amendatory act will be construed as prospective. *Rivard v. Chicago Fire Fighters Union, Local No. 2*, 122 Ill. 2d 303, 309 (1988). The presumption of prospectivity is rebuttable, but only by the act itself, either by express language or by necessary implication. *Rivard*, 122 Ill. 2d at 309; *United States Steel Credit Union v. Knight*, 32 Ill. 2d 138, 142 (1965). Further, even where there may be clear legislative intent that a statute be given retroactive application, the enactment will not be so applied when to do so would lead to unreasonable or unjust results. *Champaign County Nursing Home v. Petry Roofing, Inc.*, 117 Ill. App. 3d 76, 79 (1983).

In the instant case, the statute itself evidences no intent by the

legislature to make the amendment retroactive. Further, the only issue remaining to be resolved at the time this statute took effect was the fee award. The settlement offer had been made and rejected several years prior to the amendment of the statute. Therefore, the relevant act or omission addressed by the amendment had already occurred prior to the enactment of the legislation. See *Champaign County*, 117 Ill. App. 3d at 78. The previous version of the statute had no comparable provision; it cannot be said that the plaintiff had any notice that the rejection of the settlement offer could later result in the forfeiture of attorney fees. Thus, to apply the statute in this case to deny attorney fees would lead to unreasonable or unjust results. *Hathaway v. Merchants' Loan & Trust Co.*, 218 Ill. 580 (1905); *Champaign County*, 117 Ill. App. 3d at 79. The statute cannot be applied to this cause, and we find that the trial court did not err in refusing to give weight to Fireside's evidence on this issue.

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed, and this cause is remanded for a new hearing. On remand, the circuit court shall take evidence as to which items in the plaintiff's fee petition are attributable to the Consumer Fraud Act count and shall award fees only for those items so differentiated.

Reversed and remanded with directions.

GEIGER, P.J., and BOWMAN, J., concur.