# Illinois Official Reports

## Appellate Court

---

### *Kroot v. Chan*, 2019 IL App (1st) 181392

---

| | |
|---|---|
| Appellate Court Caption | MEREDITH PAGE KROOT and JASON M. KROOT, Plaintiffs-Appellees, v. SHU B. CHAN and YVONNE LAU, Defendants-Appellants. |
| District & No. | First District, Fifth Division<br>Docket No. 1-18-1392 |
| Filed | April 5, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 17-L-2553; the Hon. James E. Snyder, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part. |
| Counsel on Appeal | Ben Goldwater, of Goldwater & Associates, of Chicago, for appellants.<br><br>Kirsten M. Dunne, of GWC Law Firm, of Chicago, for appellees. |
| Panel | JUSTICE HOFFMAN delivered the judgment of the court, with opinion.<br>Presiding Justice Rochford and Justice Lampkin concurred in the judgment and opinion. |

**OPINION**

¶ 1    The defendants, Shu B. Chan and Yvonne Lau, appeal from an order of the circuit court of Cook County entered on June 4, 2018, awarding the plaintiffs, Meredith Page Kroot and Jason M. Kroot, $67,336.76 for attorney fees, costs, and expenses. For the reasons that follow, we reverse that portion of the circuit court's order that awarded the plaintiffs $58,712.50 for attorney fees.

¶ 2    The plaintiffs filed the instant action against the defendants seeking recovery for, *inter alia*, a violation of the Residential Real Property Disclosure Act (Act) (765 ILCS 77/1 *et seq.* (West 2012)) and common-law fraud in the sale of property commonly known as 3833 North Claremont, Chicago, Illinois, and improved with a single-family residence (hereinafter referred to as the Claremont Property). Following a bench trial, the circuit court entered a written order on March 28, 2016, finding (1) in favor of the plaintiffs and against Chan on the plaintiffs' claim pursuant to the Act, (2) in favor of Lau and against the plaintiffs on the plaintiffs' claim under the Act, and (3) in favor of the plaintiffs and against both defendants on the plaintiffs' common-law fraud claim. Based upon those findings, the circuit court entered judgment in favor of the plaintiffs and against the defendants in the amount of $64,518.67 "plus costs and fees." Thereafter, the plaintiffs filed a petition for an award of attorney fees and costs. On June 23, 2016, the circuit court entered an order granting the plaintiffs' petition and entering judgment in favor of the plaintiffs in the amount of $28,130.16 for attorney fees. That order states that the judgment was entered "against defendant." Although the order states that the judgment was entered against a singular defendant, it does not state which defendant the judgment was entered against. On appeal from the circuit court's orders of March 28, 2016, and June 23, 2016, this court affirmed the $64,518.676 judgment, vacated the order awarding the plaintiffs $28,130.16 for attorney fees, and remanded the matter to the circuit court with directions to conduct an evidentiary hearing on the plaintiffs' petition for attorney fees and costs. *Kroot v. Chan*, 2017 IL App (1st) 162315, ¶¶ 39-40.

¶ 3    As directed, the circuit court on remand conducted an evidentiary hearing on June 4, 2018. Following that hearing, the circuit court entered an order, which states: "Judgment is entered in favor of the plaintiffs and against the defendants [plural] for attorney fees, costs & expenses in the amount of $67,336.76." Although the circuit court's order does not enumerate the portion of the judgment that was awarded for attorney fees, the transcript of the proceedings on June 4, 2018, makes clear that, of the $67,333.76 judgment entered in favor of the plaintiffs, $58,712.50 was awarded for attorney fees and the remaining $8624.26 was awarded for "expenses."

¶ 4    On June 25, 2018, the defendants filed their notice of appeal from the circuit court's June 4, 2018, order, invoking this court's jurisdiction under Illinois Supreme Court Rules 301 and 303. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. July 1, 2017). In urging reversal, the defendants argue both that (1) the evidence submitted by the plaintiffs in support of their fee petition consisted of hearsay, supposition, and guess, which they contend is insufficient to support an award of attorney fees, and (2) the plaintiffs failed to establish that they incurred attorney fees and, as a consequence, the circuit court erred in awarding attorney fees pursuant to section 55 of the Act (765 ILCS 77/55 (West 2012)). For the reasons that follow, we reverse that portion of the circuit court's order of June 4, 2018, awarding the plaintiffs $58,712.50 for attorney fees.

¶ 5        A plaintiff seeking an award of attorney fees has the burden of proving an entitlement to fees. *Schorsch v. Fireside Chrysler-Plymouth, Mazda, Inc.*, 286 Ill. App. 3d 1028, 1033 (1997). At common law, the unsuccessful party in a civil action is not liable for the payment of attorney fees incurred by the successful party. *State Farm Fire & Casualty Co. v. Miller Electric Co.*, 231 Ill. App. 3d 355, 359 (1992). "In the absence of [a] statute ***, attorney[ ] fees and the ordinary expenses and burdens of litigation are not allowable to the successful party." *House of Vision, Inc. v. Hiyane*, 42 Ill. 2d 45, 51-52 (1969); see also *Young v. Alden Gardens of Waterford, Inc.*, 2015 IL App (1st) 131887, ¶ 96.

¶ 6        As noted earlier, on the trial of this cause, Lau was only found liable to the plaintiffs on their claim for common-law fraud. The circuit court found in favor of Lau and against the plaintiffs on the plaintiffs' claim under the Act. Having only been found liable to the plaintiffs for common-law fraud, Lau was not, as a matter of law, liable for the payment of the plaintiffs' attorney fees. Nevertheless, the circuit court apparently entered its $67,336.76 judgment in favor of the plaintiffs for attorney fees, costs, and expenses against both defendants. As Lau was only found liable to the plaintiffs on their common-law fraud claim, attorney fees could not, as a matter of law, be assessed against her. We, therefore, reverse $58,712.50 of the judgment entered against Lau on June 4, 2018, that sum being the portion of the judgment attributable to attorney fees.

¶ 7        We next address the defendants' claims of error as they relate to that portion of the June 4, 2018, judgment entered against Chan that is attributable to an award of attorney fees. In entering judgment against Chan on the plaintiffs' claim brought pursuant to the Act, the trial court found that Chan made false statements in the Residential Real Property Disclosure Report required under sections 20 and 35 of the Act (765 ILCS 77/20, 35 (West 2012)), which was tendered to the plaintiffs prior to their execution of an offer to purchase the Claremont Property. *Kroot*, 2017 IL App (1st) 162315, ¶ 31. As noted earlier, this court affirmed that judgment. *Id.* ¶ 40.

¶ 8        Section 55 of the Act provides, in relevant part, that

"[a] person who knowingly violates or fails to perform any duty prescribed by any provision of this Act or who discloses any information on the Residential Real Property Disclosure Report that he knows to be false shall be liable in the amount of [the] actual damages and court costs, and the court may award reasonable attorney fees incurred by the prevailing party." 765 ILCS 77/55 (West 2012).

As a statute allowing for recovery of attorney fees, section 55 is in derogation of the common law and must be strictly construed. See *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 64.

¶ 9        Resolution of the issue of whether the circuit court erred in awarding attorney fees to the plaintiffs under section 55 of the Act involves a matter of statutory construction. On that issue, our review is *de novo. In re Detention of Lieberman*, 201 Ill. 2d 300, 307 (2002).

¶ 10       As the supreme court held in *In re Detention of Powell*, 217 Ill. 2d 123, 135 (2005):

"The primary goal of statutory construction is to ascertain and give effect to the intent of the legislature. [Citations.] All other rules of statutory construction are subordinate to this cardinal principle. [Citations.] The most reliable indicator of legislative intent is the language of the statute, which is to be given its plain, ordinary and popularly understood meaning. [Citations.] Where the language is clear and unambiguous, courts are not to resort to aids of statutory construction. [Citation.]"

¶ 11    The phrase "reasonable attorney fees" when appearing in a fee-shifting statute has generally been interpreted to require use of the prevailing market rate in calculating a fee award. *Palm v. 2800 Lake Shore Drive Condominium Ass'n*, 2013 IL 110505, ¶ 51. The language does not indicate that recoverable attorney fees are limited to those actually incurred or paid by the plaintiff. *Id.* However, unlike the language employed by the legislature in other fee-shifting statutes, which merely provide that "reasonable attorney" fees should, or may, be awarded to a prevailing plaintiff (see Whistleblower Act (740 ILCS 174/30 (West 2016)); Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/10a(c) (West 2016))), section 55 of the Act contains additional language. It provides that the circuit court "may award reasonable attorney fees *incurred* by the prevailing party." (Emphasis added.) 765 ILCS 77/55 (West 2012).

¶ 12    In construing a statute, courts must, where possible, attribute reasonable meaning to every word, clause, or section of the statute. *In re Marriage of Freeman*, 106 Ill. 2d 290, 297 (1985). Words appearing in a statute cannot be ignored under the guise of construction. *Id.* In section 55, the legislature chose to limit the attorney fees that may be awarded to those "incurred" by a prevailing plaintiff. Incurred is defined as "to render liable or subject to." Webster's Third New International Dictionary 1146 (1981).

¶ 13    We find no ambiguity in the language of section 55 of the Act. The plain, ordinary, and popularly understood meaning of the language of section 55 of the Act leads us to conclude that a defendant who discloses any information on the Residential Real Property Disclosure Report that he knows to be false is liable for actual damages and court costs, but the trial court only has the discretion to award reasonable attorney fees that have been *incurred* by the prevailing party. If no attorney fees have been incurred by the prevailing party, the trial court has no authority under the statute to award such fees.

¶ 14    The trial court found that Chan violated the Act by disclosing information on a Residential Real Property Disclosure Report that he knew to be false, and as a consequence, section 55 of the Act authorized the trial court, in its discretion, to award "reasonable attorney fees incurred" by the plaintiffs. The defendants argue, however, that the plaintiffs incurred no attorney fees and, as a consequence, the circuit court lacked the discretion to award attorney fees under section 55 of the Act.

¶ 15    The plaintiffs called three attorneys with the law firm of Goldberg, Weisman, and Cairo (GWC) as witnesses during the evidentiary hearing on their petition for an award of attorney fees and costs: John P. Sorce, Bennett J. Baker, and Kirsten M. Dunne. GWC is the law firm that represented the plaintiffs in this case before the circuit court during the original trial, the evidentiary hearing on remand, and also in the defendants' earlier appeal. The plaintiff Jason M. Kroot is an attorney employed by GWC.

¶ 16    During their testimony, Sorce, Baker, and Dunne were shown an exhibit attached to the plaintiffs' petition for an award of attorney fees and costs. The document is entitled "Attorney Invoice—Amended on 4-16-18" and labeled as exhibit 19. Exhibit 19 contains entries under the headings of date, service, hours, rate, and fee. Under these headings are individual entries setting forth the date that legal services were performed, the initials of the attorney at GWC who performed the service, a description of the legal service performed, the time taken to perform the service, the hourly billing rate of the attorney who performed the service, and the fee for the service, being the attorney's hourly billing rate multiplied by the time taken to perform the service.

¶ 17    Sorce admitted that GWC does not keep detailed billing records on its litigation files; it is a contingent fee law firm. He stated that no time sheets or time slips were made for any of the entries on exhibit 19 and, to the best of his knowledge, no time records were kept in connection with this case and he did not keep records of his own time. Sorce did not know who prepared exhibit 19. On cross-examination, Sorce admitted that the testimony he gave as to the amount of time that he spent working on this matter as reflected on exhibit 19 was an estimate. He was also asked the following questions and gave the following answers:

"Q. Was an invoice—Other than the amended invoice attached as Exhibit 19, was any invoice for legal services rendered or costs advanced ever sent to Mr. or Mrs. Kroot?

A. No.

Q. Was any payment made by Mr. or Mrs. Kroot on the basis of the invoice here?

A. Not to my knowledge."

¶ 18    Baker testified that he believed that the entries on exhibit 19 reflecting the work that he performed in this case represent the minimum number of hours he worked on the file. However, he too admitted that he kept no time slips or records of the actual time that he spent working on this case. He stated: "I did not keep count of the time." When questioned about the time he spent in representing the plaintiffs at their depositions as reflected on exhibit 19, he responded that it was his "best estimate."

¶ 19    Dunne testified that the work that she performed on this case related to the defendants' earlier appeal. According to Dunne, she made the entries on exhibit 19 relating to the work that she performed. She admitted, however, that she did not keep any time records and that she made the entries on exhibit 19 about eight months after the work was performed.

¶ 20    Exhibit 19 was never offered or received in evidence, and neither plaintiff testified at the evidentiary hearing. The defendants rested without calling any witnesses.

¶ 21    The defendants argue that the circuit court erred in awarding attorney fees to the plaintiffs pursuant to section 55 of the Act, as there is no evidence in the record that the plaintiffs incurred legal fees. Relying upon two affidavits attached as exhibit 7 to their petition for an award of attorney fees and costs, the plaintiffs contend that there is evidence in the record that they were billed for the legal services rendered by GWC. The affidavits that make up exhibit 7 are from the plaintiff Jason M. Kroot and Sorce. Jason M. Kroot's affidavit states: "The Attorney Invoice, attached as Exhibit C to the Plaintiffs' Petition for Costs and Attorney Fees reflects the charges billed to the Plaintiffs." Sorce's affidavit states: "The Attorney Invoice, attached as Exhibit C to the Plaintiffs' Petition for Costs and Attorney Fees reflects the charges billed to the Plaintiffs by Goldberg Weisman Cairo."

¶ 22    The affidavits relied upon by the plaintiffs to establish that they were billed for the legal services rendered by GWC are out-of-court statements that the plaintiffs now rely upon to establish the truth of facts asserted therein. They are hearsay (see Ill. R. Evid. 801(c) (eff. Oct. 15, 2015)) and do not fall under any exception to the rule against hearsay. The fact that the defendants never objected to those affidavits is understandable; they were never offered into evidence.

¶ 23    The record in this case contains no evidence that (1) the plaintiffs ever agreed to pay for the legal services rendered by GWC or, if they did agree to pay for those services, the terms of their agreement and the hourly rate to be paid; (2) they were ever billed for the legal services

rendered by GWC; (3) they ever paid for legal services rendered by GWC; or (4) GWC expected to be paid by the plaintiffs for the legal services rendered by the firm in this case. There is evidence in the record that one of the plaintiffs is an attorney employed by GWC, that, other than the unaddressed document entitled "Attorney Invoice—Amended on 4-16-18" and labeled exhibit 19, no invoices were ever sent to the plaintiffs, and that the plaintiffs never paid any legal fees. Stated otherwise, there is no evidence in the record before us to establish that the plaintiffs incurred attorney fees. As it relates to their ability to recover attorney fees from Chan pursuant to section 55 of the Act, it was the plaintiffs' burden to establish that they incurred legal fees.

¶ 24        Aside from the argument that the plaintiffs failed to prove that they incurred legal fees in the prosecution of their claim brought pursuant to the Act, the defendants also argue that the plaintiffs failed to introduce any competent evidence of the reasonableness of the fees that they were awarded. We agree.

¶ 25        As the parties seeking an award of attorney fees, the plaintiffs had the burden of proving their entitlement to the fees sought. *Schorsch*, 286 Ill. App. 3d at 1033. An award of attorney fees must be based upon facts in evidence (*First National Bank of Decatur v. Barclay*, 111 Ill. App. 3d 162, 164 (1982)) and cannot be based upon speculation or conjecture as to the attorney's time expended in performing legal services (*Berdex International, Inc. v. Milfico Prepared Foods, Inc.*, 258 Ill. App. 3d 738, 742 (1994) (citing *Kaiser v. MEPC American Properties, Inc.*, 164 Ill. App. 3d 978, 984 (1987))).

¶ 26        It is clear from the testimony of Sorce, Baker, and Dunne that no time sheets, time slips, or contemporaneous billing records were kept by GWC in relation to the legal services rendered to the plaintiffs in this case and that they kept no time records of their own. Sorce and Baker admitted that their testimony as to the amount of time that they spent in performing legal services in this case was their best estimate of the minimum amount of time spent. Dunne admitted that the entries she made on exhibit 19 reflecting the time that she spent representing the plaintiffs in the defendants' prior appeal were made eight months after the work was performed. The fact that GWC is, as Sorce testified, a contingent fee law firm does not excuse the failure to keep records of the time spent representing the plaintiffs in this case. *Flynn v. Kucharski*, 59 Ill. 2d 61, 67 (1974).

¶ 27        Sorce, Baker, and Dunne testified that they reviewed the file in this case along with the pleadings and document that they prepared. And although they testified that the time reflected on exhibit 19 for the legal services which they performed was conservative and represented the minimum amount of time spent, in the absence of contemporaneous time records or testimony that they had an independent recollection of the actual amount of time spent in performing each task, their testimony as to the amount of time they expended in representing the plaintiffs is the product of estimates and conjecture as to the time that they *probably* expended. Their testimony in this regard was speculation and, therefore, insufficient to establish the amount of reasonable attorney fees incurred by the plaintiffs in the prosecution of their claim under the Act.

¶ 28        Based on the foregoing analysis, we find that the plaintiffs failed to satisfy their burden of proving an entitlement to an award of legal fees against Chan pursuant to section 55 of the Act. We conclude, therefore that the circuit court abused its discretion in awarding $58,712.50 for attorney fees against Chan and, as a consequence, reverse $58,712.50 of the judgment entered against him on June 4, 2018.

¶ 29      Although we have reversed $58,712.50 of the $67,333.76 judgment entered against the defendants on June 4, 2018, there remains $8624.26 of that judgment that was not awarded for attorney fees. The order of June 4, 2018, states that the judgment in favor of the plaintiffs was for "costs and expenses" in addition to attorney fees. The defendants have made no argument on appeal as to the propriety of the trial court having awarded the plaintiffs $8624.26 for costs and expenses. Points not argued on appeal are forfeited. Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). As a consequence, any claim of error in the circuit court's $8624.26 award against the defendants for costs and expenses has been forfeited. See *Meyers v. Kissner*, 149 Ill. 2d 1, 8 (1992).

¶ 30      For the reasons stated, we reverse $58,712.50 of the $67,333.76 judgment entered against the defendants on June 4, 2018, and affirm $8624.26 of that judgment against both defendants.

¶ 31      Affirmed in part and reversed in part.