2026 IL App (1st) 250123-U

No. 1-25-0123

Order filed March 20, 2026

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| ANETA JORDAN and ALICJA SZEWCZYK, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellants, | ) | Cook County, Municipal |
| | ) | Department. |
| v. | ) | |
| | ) | No. 2022 M2 000475 |
| JOSEPH MAZZA and DIANE MAZZA, | ) | |
| | ) | Honorable |
| Defendants-Appellees. | ) | James L. Allegretti, |
| | ) | Judge, presiding. |

PRESIDING JUSTICE MITCHELL delivered the judgment of the court.
Justice Mikva and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court did not abuse its discretion in reducing an award of attorney fees and costs given the nature of the case, the benefit to the clients, and the protracted litigation.

¶ 2    In this landlord-tenant case, plaintiffs Alicja Szewczyk and Aneta Jordan appeal a circuit court order awarding them $20,000 in attorney fees and $788.29 in costs, a fraction of what they sought under a prevailing party provision in a lease. The principal issue on appeal is whether the circuit court abused its discretion in determining that the $94,320 in attorney fees that plaintiffs sought was unreasonable in a case where plaintiffs secured a damages award of $3,870. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      Alicja Szewczyk and Aneta Jordan own a two-floor residential property in Park Ridge, Illinois. Szewczyk leased the first floor to defendant Joseph Mazza for a one-year term, beginning August 1, 2020, at a rate of $1,800 per month. Defendant Dianne Mazza signed as a guarantor.

¶ 5      The parties did not renew the lease after it expired, but Joseph Mazza continued to live on the premises and pay rent under an oral month-to-month tenancy. Later, Szewczyk notified Joseph Mazza that she was terminating the month-to-month tenancy and eventually filed an eviction action.

¶ 6      After Joseph Mazza vacated the premises, plaintiffs filed an action for damages against defendants. Plaintiffs sought three times monthly rent under the lease's holdover provision. They also sought attorney fees and costs under the lease's fee-shifting provision. The provision permits the prevailing party in a legal action to recover reasonable attorney fees and costs:

> "In any action with respect to this Lease, the Parties are free to pursue any legal remedies at law or in equity and the prevailing Party in litigation shall be entitled to collect reasonable attorney fees and costs from the non-prevailing Party as ordered by a court of competent jurisdiction."

In total, plaintiffs alleged $47,750 in damages plus attorney fees and costs.

¶ 7      The parties engaged in protracted litigation, which included defendants' counterclaims alleging consumer fraud and deceptive business practices. After mandatory arbitration, the panel found in favor of plaintiffs, but defendants rejected the award.

¶ 8      The parties moved for summary judgment. After they stipulated to $3,870 in damages plus attorney fees and costs, the circuit court entered judgment in favor of plaintiffs. Plaintiffs filed a petition for $94,320 in attorney fees and $2,654.30 in costs for a total of $96,974.30. The circuit

court awarded $20,000 in fees and $788.29 in costs. This timely appeal followed. Ill. S. Ct. R. 303(a) (eff. July 1, 2017).

¶ 9                                      II. ANALYSIS

¶ 10    On appeal, plaintiffs argue that the circuit court abused its discretion when it (1) failed to conduct its own line-by-line assessment of counsel's timesheets; (2) awarded attorney fees based in part on a multiple of the arbitration panel's assessment of attorney fees; and (3) reduced costs sought in the petition.

¶ 11                          A. Reasonable Attorney Fees

¶ 12    While the contractual or statutory right to seek attorney fees can present a legal question that we review *de novo*, *Mirar Development Inc. v. Kroner*, 308 Ill. App. 3d 483, 485 (1999), we review the circuit court's determination of what constitutes reasonable attorney fees for an abuse of discretion, *Pepper Construction Co. v. Palmolive Tower Condominiums, LLC*, 2024 IL App (1st) 221319, ¶ 23. "An abuse of discretion occurs only when the trial court's ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court." *Thomas v. Weatherguard Construction Co.*, 2018 IL App (1st) 171238, ¶ 53.

¶ 13    Regardless of the basis for awarding attorney fees (statutory or contractual), an attorney can only receive a *reasonable* fee. Ill. R. Prof'l Conduct (2010) R. 1.5(a) (eff. July 1, 2023). In determining the reasonableness of a fee, the circuit court considers a multitude of factors including the following:

> "the nature of the case, the case's novelty and difficulty level, the skill and standing of the attorney, the degree of responsibility required, the usual and customary charges for similar work, and the connection between the litigation and the fees charged." *Richardson v. Haddon*, 375 Ill. App. 3d 312, 314-15 (2007).

"[T]he existence of a contractual provision obligating one party to pay attorney fees does not relieve the other of its burden to establish the reasonableness of the amount requested." *Kaiser v. MEPC American Properties, Inc.*, 164 Ill. App. 3d 978, 985 (1987). In all cases, "only those fees which are reasonable will be allowed [citations], the determination of which is left to the sound discretion of the [circuit] court." *Id.* at 983. When deciding whether to grant a fee petition, the circuit court has "broad discretionary powers, may exercise [its] independent judgment[,] and [is] not limited to the evidence presented by the parties in arriving at a reasonable fee." *Wildman, Harrold, Allen & Dixon v. Gaylord*, 317 Ill. App. 3d 590, 596 (2000). A circuit court "has the discretion to independently review and consider the contents of the entire court file in determining whether a party is entitled to fees and whether the fees requested are reasonable." *Id.* Also, a circuit court "should *** use its own knowledge and experience when making the reasonableness determination." *Richardson*, 375 Ill. App. 3d at 315.

¶ 14    In making the fee award in this case, the circuit court expressly considered the factors relevant to determining reasonableness. The circuit court explained that the action was a "simple eviction case" and there was "nothing novel" about the issues. The case should have been resolved quickly, and he noted that most such cases are resolved in a calendar year.

¶ 15    The circuit court recounted how plaintiffs' initial claim erroneously sought triple rent for the three months that defendant held over: "[t]his engendered numerous motions and arguments by both sides with the court eventually ruling that plaintiff was not entitled to triple rent." Further, the circuit court derided counsel's attempt to shift blame: "[h]e then proceeds to blame the length and intensity of the litigation on defendant's refusal to acquiesce in plaintiffs' demand for triple rent." A circuit court may consider a party's contribution to unnecessarily long and expensive

litigation. See *In re Marriage of Auriemma*, 271 Ill. App. 3d 68, 74 (1994) ("[T]his case has been since its inception completely out of control ***. Thus, we agree with the trial court's refusal to award [counsel] the full amount of fees requested.").

¶ 16    In the first amended complaint, plaintiffs sought $45,000 in damages (plus late fees) under the theory that defendants owed holdover rent for each month defendant occupied the premises past the expiration of the original lease. However, landlords may collect holdover rent only if "the landlord makes a written request of the tenant to leave and he refuses." *Family Properties of Chicago, LLC v. Ring*, 2024 IL App (1st) 231861-U, ¶ 17 (citing 735 ILCS 5/9-202 (West 2022)). When plaintiffs filed their second amended complaint, they acknowledged that a month-to-month tenancy had arisen after the expiration of the original lease when they accepted defendant's monthly rent payments without providing written notice of termination. They alleged only $16,200 in holdover damages (plus late fees) for the three months that defendant occupied the premises *after* they served him with notice to terminate. Later, plaintiffs filed the third amended complaint that reduced the damages sum by $1,800 to account for defendant's security deposit that plaintiffs had withheld.

¶ 17    The pursuit of overly aggressive legal theories on which a party did not prevail can quite properly be excluded from a fee award under a prevailing party provision. See *City of McHenry v. Suvada*, 2011 IL App (2d) 100534, ¶ 20 (affirming the circuit court's reasoning that fees incurred to further an "overly aggressive litigation strategy" are not reasonable because they were not "necessary to obtain the resulting benefits to the client" (internal quotation marks omitted)). Hours spent chasing relief that never materialized are not compensable. The circuit court certainly acted within its discretion in not awarding fees for that work:

"The residence in question was vacated long ago and this battle has raged for over two years as the parties fought over discovery, lease terms, motions for sanctions, counter-claims and filed various motions regarding misnamed pleadings \*\*\*. This case displays everything that litigation should not be about."

¶ 18    $94,320 in attorney fees is disproportionate to the result obtained in the case: a recovery of $3,870. Reasonableness depends in part on the connection between the fees sought and the amount recovered in the litigation. Ill. R. Prof'l Conduct (2010) R. 1.5(a)(4) (eff. July 1, 2023); see *Celotex Corp. v. Discount Roofing Materials, LLC*, 2012 IL App (1st) 110614-U, ¶¶ 24-25 (affirming the circuit court's reduction in attorney fees to account for "the overall size of the fee award in proportion to the amount at issue" where the case was "simple"). A fee shifting provision in a contract or statute is not intended to be a windfall for the prevailing party's lawyer. A lawyer seeking a fee award from an adversary must exercise the same restraint in billing that a reasonable client would expect—that is the concept of "billing judgment." *Aliano v. Transform SR LLC*, 2020 IL App (1st) 172325, ¶ 33. To this point, plaintiffs' counsel's billing records meticulously recount 236.6 hours of work, all of which was "billed." The hours that counsel wrote off as unproductive, excessive, or redundant in this engagement? "0.00 hour(s)." See generally *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983) ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.").

¶ 19    The petition presented to the circuit court sought fees for various iterations of the complaint, including those versions that sought excessive damages based on misguided legal theories (that is, the exaggerated damage claims that protracted the litigation). The petition sought over $10,000 in fees for drafting and revising the various complaints, none of which were longer than 32 numbered paragraphs. Further, the petition sought over $4,000 for phone calls and texts

between counsel and his client and $12,000 for work related to a potential settlement. All this in a simple landlord-tenant case. But the circuit court did not just have the fee petition before it: defendants filed a detailed line-by-line objection to each of plaintiffs' billing entries. The objection noted work billed on issues that plaintiffs did not prevail on, excessive or unnecessary work, duplicative entries, or entries without sufficient detail.

¶ 20    We defer to the circuit court in determining reasonable attorney fees because it is a fact-intensive inquiry that depends on the specifics of an individual case. Here, the circuit court lived through the protracted litigation: he managed the case, ruled on motions, presided over hearings, and pierced the pleadings. Further, the circuit court has familiarity with how a case of this kind *should* progress because he has a docket with comparable cases that provide a benchmark. All of this firsthand experience necessarily informs the circuit court's judgment. Against this backdrop, the circuit court's decision to award $20,000 as reasonable attorney fees is not outside the bounds of discretion. They are substantial fees in a simple case with a modest recovery (*i.e.*, the fee awarded is still more than five times the judgment amount).

¶ 21    Plaintiffs complain that the circuit court did not conduct a line-by-line audit of the fee petition. But trial judges need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011) ("The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection."). The burden is on the petitioner to establish evidence of reasonableness, *Kroot v. Chan*, 2019 IL App (1st) 181392, ¶ 25, and the circuit court can evaluate that without itemizing each entry, *In re Marriage of Kane*, 2016 IL App (2d) 150774, ¶ 29. The essential requirement is a basis in the record for the fee award and that has been more than satisfied here. See, *e.g.*, *id.* ¶ 36 (explaining there is sufficient support in the record to support the circuit

court's award of attorney fees).

¶ 22    In arguing that their fee petition is reasonable, plaintiffs rely on various cases that are readily distinguished. In *Richardson*, 375 Ill. App. 3d at 316, the appellate court remanded because the circuit court had disallowed a fee petition in its *entirety*, including fees that were not excessive. In *Thomas v. Weatherguard Construction Co.*, 2018 IL App (1st) 171238, ¶¶ 73-77, the appellate court affirmed a significant fee award for a plaintiff under a fee shifting provision in a remedial statute (the Wage Payment Act), where the fees were necessitated by a protracted and overly aggressive defense. In *Myrda v. Coronet Insurance Co.*, 221 Ill. App. 3d 482, 491 (1991), in interpreting a fee shifting provision in another remedial statute (section 155 of the Insurance Code), the appellate court found an abuse of discretion in excluding attorney time from the fee award that was "necessary to the action." Each of these cases are fact-specific, and none compels the relief plaintiffs urge here.

¶ 23    Plaintiffs also argue that the circuit court abused its discretion in referring to the $10,000 in fees awarded in arbitration in making its fee award. In referencing the arbitration award, however, it is clear that the circuit court was not laboring under the misimpression that it was bound to follow that award. Further, it cannot fairly be said that the arbitration award was the "sole basis" for the attorney fee award when the circuit court quite clearly considered numerous factors in assessing reasonable fees. The record does show that at the time of the arbitration, counsel had already billed over $70,000 while opposing counsel had billed $20,000. But plaintiffs are hard pressed to argue that the circuit court did not exercise its informed discretion when it clearly referenced the correct factors to determine reasonable fees and the litigation history specific to the case.

¶ 24    In the record before this court, it is evident that plaintiffs did not allege a realistic, colorable claim for damages until the second amended complaint filed on April 6, 2023. Counsel billed approximately $40,000 in fees after it was filed, which is a fair starting point for the reasonable fee calculation. However, about half of those fees were unreasonable for the reasons articulated by the circuit court, as already discussed above. But there are additional reasons to justify the reduced award on the face of the record, including billing time to correct counsel's own mistakes and taking multiple depositions that the circuit court concluded were not necessary to prosecute the action, *cf. Robidoux v. Oliphant*, 201 Ill. 2d 324, 335 (2002) ("An affidavit submitted in the summary judgment context serves as a substitute for testimony at trial.").

¶ 25    In sum, the record standing on its own—without any consideration of the arbitration award—supports the circuit court's conclusion that $20,000 constitutes a reasonable attorney fee.

¶ 26                                      B. Costs

¶ 27    Plaintiffs argue the circuit court abused its discretion in declining to award a $137 filing fee that counsel paid to amend a complaint. Defendants argue plaintiffs' counsel erroneously paid the $137 filing fee because he selected the wrong code on the Odyssey e-filing system for the circuit court of Cook County.

¶ 28    Here, plaintiffs included in their appellate brief screenshots of the Odyssey e-filing system suggesting that plaintiffs paid $137 to the clerk of court to amend their complaint. But this image or receipt was never presented to the circuit court, and it is not in the record on appeal. A reviewing court is confined to the record on appeal and may not consider matters outside the record. *People v. Heaton*, 266 Ill. App. 3d 469, 476 (1994). Plaintiffs argue that this court can take judicial notice of fees charged by the clerk of court but fails to provide us with a published fee schedule. Our own

review of fee schedules on the clerk's website cannot identify a $137 fee for amending a complaint, so there is no basis for concluding that the circuit court abused its discretion in denying this cost.

¶ 29    Next, plaintiffs argue the circuit court abused its discretion when it declined to award deposition costs because the circuit court concluded that those depositions were "unnecessary." Plaintiffs contend that costs recoverable under the prevailing party provision need only be *reasonable* costs. Not so. A reasonable cost is a cost actually incurred, necessary to the litigation, and reasonable in its amount. See *Curet v. C&H Exterior Restorations, Inc.*, 2023 IL App (2d) 230030, ¶ 36 (explaining reasonable costs are "necessarily incurred in the assertion of his rights in court" (internal quotation marks omitted)). The circuit court found that depositions were not necessary, and given the simplicity of the case, that determination was within the circuit court's discretion.

¶ 30    Finally, plaintiffs argue the circuit court abused its discretion in denying counsel's recovery of litigation expenses paid for printing and delivering courtesy copies. Generally, an attorney's overhead expenses are "not recoverable as costs of litigation" because they are "fixed expenses" and "already reflected in an attorney's hourly rate." *Johnson v. Thomas*, 342 Ill. App. 3d 382, 401-02 (2003). Overhead is an expense that "an attorney regularly incurs regardless of specific litigation." *Id.* at 401. "[C]ertain routine, minimal out-of-pocket expenses *** such as minimal telephone charges, postage and copying, should be treated as overhead costs in that they are routinely incurred in virtually every legal matter handled." *Id.* at 402. Routine, minimal expenses are recoverable only if they are "extraordinary in terms of volume and cost, *e.g.*, in class action suits requiring extensive mailing or voluminous copying." *Id.* The record is devoid of any evidence presented to the circuit court (a detailed affidavit, for example) to show the copying and

printing was "extraordinary," beyond that routinely incurred in "virtually every legal matter." *Id.*

¶ 31                                     C. Defendants' Contentions

¶ 32     Defendants argue the circuit court erred in awarding attorney fees and costs to plaintiffs because there was no prevailing party. As a matter of appellate procedure, "[a]n appellee who has not prosecuted a cross-appeal cannot properly seek to modify a portion of the trial court's order in order to secure affirmative relief, and [appellate courts] lack jurisdiction to consider such a request." (Internal quotation marks omitted.) *Kubicheck v. Traina*, 2013 IL App (3d) 110157, ¶ 42; Ill. S. Ct. R. 303(a)(3) (eff. July 1, 2017). "In the absence of a cross-appeal, this Court is not authorized to examine or decide an issue raised by appellee, but is confined to the issues raised by appellant." *Greco v. Coleman*, 176 Ill. App. 3d 394, 401 (1988). Here, the circuit court found that plaintiffs were the prevailing party, and defendants did not appeal that finding. Having failed to take a cross-appeal from that adverse judgment, defendants cannot now attack it on appeal. Further, there is nothing conditional about the argument that defendants seek to raise, so the issue does not fall within the narrow exception allowing an appellee to raise a "conditional argument" in the event the judgment is modified on appeal. *Simmons v. Union Electric Co.*, 121 Ill. App. 3d 743, 761 (1984).

¶ 33     Finally, defendants request attorney fees and costs incurred in this appeal, but they cited no authority and did not develop the argument in their brief. Accordingly, we decline to address it. Ill. S. Ct. R. 341(h)(7), (i) (eff. Oct. 1, 2020); *People v. Smith*, 2023 IL App (3d) 230060, ¶ 67.

¶ 34                                     III. CONCLUSION

¶ 35     For all these reasons, the judgment of the circuit court is affirmed.

¶ 36     Affirmed.